UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
GLOBAL ENERGY AND MANAGEMENT,   :
LLC, a limited liability com-
pany of Connecticut,

               Plaintiff,            07 Civ. 11049 NRB

          -vs-                  :

XETHANOL CORPORATION, CHRISTO-  :
PHER D'ARNAUD-TAYLOR, JEFFERY
LANGBERG, LAWRENCE S. BELLONE,  :
LOUIS B. BERNSTEIN, DAVID AMES,
THOMAS J. ENDRES, ROBIN BUL-    :
LER, DAVID KREITZER and JOHN
MURPHY,                         :

               Defendants.      :
_____x
```

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT**

Global Energy and Management, LLC, a limited liability company of Connecticut, hereby moves for leave to file a second amended complaint. This application is based on the affidavit of Robert A. Vort. Notice has not been given to defendants because none of them has been served with a summons or either prior complaint.

Dated: February 12, 2008

                                                      Robert A. Vort
                                                    Attorney for Plaintiff
                                                    2 University Plaza
                                               Hackensack, New Jersey 07601
                                                          201-342-9501
                                                     201-342-9504 fax
                                                     rvort@vortlaw.com

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


GLOBAL ENERGY AND MANAGEMENT,   :
LLC, a limited liability com-
pany of Connecticut,            :

              Plaintiff,        :     07 Civ. 11049 NRB

          -vs-                  :

XETHANOL CORPORATION, CHRISTO- :
PHER D'ARNAUD-TAYLOR, JEFFERY
LANGBERG, LAWRENCE S. BELLONE, :
LOUIS B. BERNSTEIN, DAVID AMES,
THOMAS J. ENDRES, ROBIN BUL-    :
LER, DAVID KREITZER and JOHN
MURPHY,

              Defendants.       :
_____ X
```

**CERTIFICATION OF ROBERT A. VORT IN
SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

STATE OF NEW JERSEY)
                   S.S.
  COUNTY OF BERGEN)

ROBERT A. VORT declares as follows:

    1.   I am a member of the bar of this Court. I represent plaintiff in this action. I submit this certification in support of plaintiff's motion for leave to file a second amended complaint in this action.

    2.   Plaintiff filed its initial complaint on November 23, 2007. The action was not assigned to a judge while the clerk first tendered the assignment to the judge who had handled a class action complaint against Xethanol and its officers arising

from similar allegations.

3.   It was assigned to the Hon. Naomi Reice Buchwald on or about January 2, 2008.  Shortly afterward, I received a telephone call from someone in Judge Buchwald's chambers.  It appeared that the complaint filed with the Court was either missing a page or that something had been deleted in the process of filing.  Rather than submit a better copy of the original complaint, with what I perceived to be some difficulty of explaining what had happened, I simply filed an amended complaint without leave of Court as Fed.R.Civ.P. 15(a) permits.

4.   When I filed the initial complaint, I sent a copy to Katherine Harrison, Esq. of Paduano & Weintraub, LLC, counsel for the defendants in the prior action, with whom I had been communicating.  Ms. Harrison wrote to me on January 16, 2008 identifying perceived deficiencies in the amended complaint, particularly focusing on the specificity requirement of Fed.R.Civ.P. 9(b).

5.   Rather than drawing the proverbial "line in the sand," I have prepared a second amended complaint with greater specificity in the hope of avoiding a motion on this ground.  A copy of this proposed second amended complaint is attached to this declaration as **Exhibit A.**

6.   As no discovery has yet been propounded, as no answer has yet been filed, I submit that there is no prejudice to defendants if the Court should allow this application.  I also submit

that, in light of the circumstances accompanying the filing of the first amended complaint, this second amended complaint is, in substance, the first amended complaint.

    7.   Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on February 12, 2008.

                                              _____
                                                 Robert A. Vort
                                          Attorney for Plaintiff
                                            2 University Plaza
                                Hackensack, New Jersey 07601
                                              201-342-9501
                                         201-342-9504 fax
                                         rvort@vortlaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
GLOBAL ENERGY AND MANAGEMENT,      :
LLC, a limited liability com-
pany of Connecticut,               :

            Plaintiff,             :      07 Civ. 11049 NRB

      -vs-                         :
                                          SECOND AMENDED COMPLAINT and
XETHANOL CORPORATION, CHRISTO-:           DEMAND FOR JURY TRIAL
PHER D'ARNAUD-TAYLOR, JEFFERY
LANGBERG, LAWRENCE S. BELLONE,:
LOUIS B. BERNSTEIN, DAVID AMES,
THOMAS J. ENDRES, ROBIN BUL-   :
LER, DAVID KREITZER and JOHN
MURPHY,

            Defendants.            :
_____X
```

Global Energy and Management, LLC, a limited liability company of Connecticut ("plaintiff" or "Global Energy"), with its principal place of business at 130 Captains Drive, Westbrook, Connecticut, complains as follows:

### JURISDICTIONAL STATEMENT

1. Global Energy is a limited liability company of Connecticut whose principal place of business is located in Connecticut.

2. All members of Global Energy are citizens of Connecticut.

3. Xethanol Corporation is a Delaware corporation whose principal place of business is in New York.

4. Upon information and belief, none of the individual de-

fendants is a Connecticut citizen.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Upon information and belief, defendant Christopher D'Arnaud-Taylor was an officer of Xethanol at all times relevant to this action.

7. Upon information and belief, defendant Jeffery Langberg was a director of Xethanol at certain times relevant to this action and an advisor to the board of directors at other times relevant to this action.

8. Upon information and belief, defendant Lawrence S. Bellone was a director and the chief financial officer of Xethanol at all times relevant to this action.

9. Upon information and belief, defendants Louis Bernstein, David Ames, Thomas J. Endres, Robert Buller, David Kreitzer and John Murphy were either directors, officers or employees of Xethanol at all times relevant to this action.

10. Defendants represented to Lee Tyrol, the manager of Global Energy, and other representatives of Global Energy that Xethanol could manufacture cellulosic ethanol (ethanol made from garbage and wood as opposed to ethanol made from corn or sugar) in a commercially profitable manner.  Defendants misrepresented the state of Xenathol's business operations and the state of the technology it possessed.  They stated that Xethanol owned patents

and other technology from which it could manufacture ethanol from bio-mass in a profitable manner. They also stated that they were currently producing 6,000,000 gallons of ethanol a year which was not true.

   11.   The individual defendants made these representations to Lee Tyrol and other representatives of Global orally on many telephone calls and in innumerable meetings. Defendants also made the following representations in written documents including, but not limited to, the following:

   a.   In a brochure published in January 2005 entitled "Xethanol: Biomass to Biofuels" that Xethanol was producing 6,000,000 gallons of ethanol a year.

   b.   In a press release dated August 26, 2005, Xethanol reported that it had acquired the stock of Xylose Technologies, Inc.. The release quoted Christopher d'Arnaud Taylor as saying: "This is far more than a purchase of a milestone technology for lowering the cost of making ethanol from biomass. Rather, it is the pooling of Xethanol management with a world class scientific team headed by Dr. Jeffries that will continue to develop ways to make xylitol and ethanol more efficiently from biomass. This alliance with Dr. Jeffries and his team at the USDA Forest Products Lab will enable Xethanol to accelerate development and deployment of its biomass technologies."

   c.   In a press release dated September 16, 2005, Xethanol

stated: "Xethanol Corporation seeks to become a leader in the emerging biomass-to-ethanol industry. **Its mission is to convert** biomass that is currently being abandoned or land filled into ethanol and other valuable co-products, such as xylitol. Xethanol's strategy is to deploy proprietary bio-technologies that will extract and ferment the sugars trapped in these biomass waste concentrations. Xethanol's goal is to produce ethanol and valuable co-products more cost effectively than corn-based processors with Xethanol plants located closer to biomass sources. In Iowa, Xethanol owns and operates two ethanol production facilities, where it is deploying these technologies."

    d.    On or about February 21, 2006 at the Xethanol office in New York, Christopher D'Arnaud Taylor and Jeffrey Langberg stated that Xethanol possessed the technology for the cellulosic production of ethanol on a commercially profitable basis.

    e.    In a Form 10KSB filed with the Securities and Exchange Commission on or about March 31, 2006, Xenathol described its plan of operation as follows: "Our expected revenue model is based on the sale of ethanol and a related co-product called xylitol. Xylitol is a natural sweetener that was approved by the FDA in the 1980's for use in foods and beverages, including chewing gums, candles, toothpastes and diabetic regimens. Xylitol is a co-product derived from biomass-to-ethanol production. At the present time, we own two ethanol plants in Iowa - Xethanol Bio-

Fuels in Blairstwon and Permeate Refining in Hopkinton. We also own several proprietary bio-extraction, bio-separation and bio-fermentation technologies that are targeted at reducing costs throughout the entire ethanol production process as well as enabling the conversion of biomass to ethanol and xylitol."

    f.    Defendants allowed Xethanol to be featured in the February 2006 issue of Fortune Small Business. D'Arnaud-Taylor represented that Xethanol had the technology to convert garbage into ethanol, stating "Xethanol isn't just relying on candy for its fuel supply. This year it plans to introduce a process that will make it possible to turn all kinds of things - including cornstalks, grass clippings, and old newspapers - into ethanol. . . Xethanol will use a recently discovered form of yeast to ferment various types of garbage into ethanol. It has obtained rights to the process from the U. S. Department of Agriculture, where a scientist discovered that yeast in the intestines of a type of beetle can convert plant-based waste product into ethanol. This year d'Arnaud-Taylor intends to begin opening plants on the East Coast that will use yeast from the beetles to brew ethanol from sludge left over from paper milling. The plants will be able to make in total more than 100 million gallons a year."

    g.    On or about May 18, 2006 at the Xethanol office in New York, Christopher D'Arnaud Taylor, Jeffrey Langberg, Lawrence Bellone and Robin Bullers again stated that Xethanol had the

technology with which to engage in the cellulosic production of ethanol on a commercially profitable basis.

    h.    On or about June 8, 2006 at the Xethanol office in New York, in the presence of Lee Tyrol, Erik Bartone and Mark DiBella, D'Arnaud Taylor, Langberg, Bellone and Bullers again stated that Xethanol had the technology with which to engage in the cellulosic production of ethanol on a commercially profitable basis.

    i.    On or about August 11, 2006 at the Xethanol office in New York, in the presence of Tyrol and Bartone, D'Arnaud Taylor, Langberg, Bellone and Bullers represented again that Xethanol had the technology with which to engage in the cellulosic production of ethanol on a commercially profitable basis.

    j.    On or about September 13, 2006 in a telephone conference among DiBella, Tyrol, Bartone, DiBella, Langberg, Robert Bernstein, Bellone and Buller, Langberg, Bernstein, Bellone and Butler represented that Xethanol had the technology with which to engage in the cellulosic production of ethanol on a commercially profitable basis.

    k.    On or about October 12, 2006 at New England Xethanol's office in Hartford attended by DiBella, Tyro, Bartone, DiBella, Bellone and Buller, Bellone and Buller represented that Xethanol had the technology with which to engage in the cellulosic production of ethanol on a commercially profitable basis.

    l.    On or about November 14, 2006 at the Xethanol office in New York, in the presence of Tyrol and Daniel Millstein, David

6

Amees, Langberg, Bellone and Buller represented that Xethanol had the technology with which to engage in the cellulosic production of ethanol on a commercially profitable basis.

12.   The representations made by defendants to Tyrol and the other Global representatives were false and known by defendants to be false when they were made.

13.   Defendants made their representations in order to induce plaintiff to rely on them.

14.   Global relied on the representations of defendants to its detriment and, in reliance on their representations, invested $250,000 into New England Xethanol, a limited liability company formed by Global and by Xethanol to engage in the biomass to biofuels business.

15.   As a result of the foregoing, plaintiffs were damaged in an amount exceeding $10,000,000.

Wherefore, Global demands judgment a) compelling defendants to pay $10,000,000 to Global, b) consequential damages, c) pre-

judgment interest, d) costs of suit and e) such other relief as the Court may hold just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable by jury.

ROBERT A. VORT, LLC

Dated: February 12, 2008

_____
Robert A. Vort
Attorney for Plaintiff
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
201-342-9504 fax
rvort@vortlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GLOBAL ENERGY AND MANAGEMENT,** : <br> **LLC**, a limited liability company of Connecticut, : <br>   : <br>             Plaintiff, | 07 Civ. 11049 NRB |
|      -vs-    : | |
| **XETHANOL CORPORATION, CHRISTO-**: <br> **PHER D'ARNAUD-TAYLOR, JEFFERY** <br> **LANGBERG, LAWRENCE S. BELLONE,**: <br> **LOUIS B. BERNSTEIN, DAVID AMES,** <br> **THOMAS J. ENDRES, ROBIN BUL-**  : <br> **LER, DAVID KREITZER** and **JOHN** <br> **MURPHY,**                   : <br>           Defendants. : <br> _____x | |

# BRIEF in SUPPORT of PLAINTIFF'S MOTION for LEAVE to FILE SECOND AMENDED COMPLAINT

ROBERT A. VORT
RAV 1105
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
rvort@vortlaw.com

Plaintiff Global Energy & Management, LLC submits this memorandum in support of its motion for leave to file a second amended complaint. The application is grounded in Fed.R.Civ.P. 15(a) which provides in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any tie within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Global has already amended once. Hence it requires leave of court to amend a second time. No responsive pleading has been served because the defendants have never been formally served and have not appeared. Correspondence between counsel for the defendants and counsel for plaintiff revealed that the defendants were likely to move to strike the amended complaint for failure to plead with the specificity required by Fed.R.Civ.P. 9(b). Without conceding the merit of such a motion but wishing to avoid or minimize motion practice, the second amended complaint attempts to address the objections set forth by defendants' attorney.

Plaintiff submits that its second amended complaint pleads a claim upon which relief can be granted, that allowance of this motion will not prejudice defendants and that allowance of this motion will not impede this Court in its administration of its docket. Rule 15(a) states that "leave (to amend) shall be freely

given when justice so requires." The Supreme Court confirmed this in Foman v. Davis, 371 U.S. 178, 182 (1962). See also, Ruotolo v. City of New York,    F.3d    , 2008 WL 313795 at *6 (2d Cir. 2008), Day v. Morgenthau, 909 F.2d 75, 78 (2d Cir. 1990).

                                              Respectfully submitted,

Dated: February 12, 2008        Robert A. Vort