Anthony Paduano (AP 8400)
Katherine B. Harrison (KH 9745)
Kathryn L. Bedke (KB 7855)
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100
Attorneys for Defendant
Xethanol Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GLOBAL ENERGY AND MANAGEMENT, LLC,       :

                   Plaintiff,       :

    -against-       :       No. 07-CV-11049 (NRB)

XETHANOL CORPORATION, CHRISTOPHER
D'ARNAUD-TAYLOR, JEFFERY LANGBERG,       :
LAWRENCE S. BELLONE, LOUIS B. BERNSTEIN,
DAVID AMES, and ROBIN BULLER,       :

                  Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT
XETHANOL CORPORATION TO DISMISS THE THIRD AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT............................................................................2

ARGUMENT........................................................................................................3

I. GLOBAL HAS NOT PLED COMMON LAW FRAUD WITH SUFFICIENT PARTICULARITY UNDER NEW YORK LAW OR RULE 9(b)..................................3

II. GLOBAL CANNOT TRANSFORM A BREACH OF CONTRACT CLAIM INTO A CLAIM FOR FRAUD......................................................................................10

III. GLOBAL HAS FAILED TO ALLEGE LOSS CAUSATION................................11

CONCLUSION....................................................................................................14

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

Acito v. IMCERA Group, Inc.,
47 F.3d 47 (2d Cir. 1995).................................................................................. 6

Apace Communications, Ltd. v. Burke,
522 F. Supp.2d 509 (W.D.N.Y. 2007) ............................................................... 4

AUSA Life Ins. Co. v. Ernst & Young,
206 F.3d 202 (2d Cir. 1986) ..............................................................................11

Bennett v. U.S. Trust Co. of New York,
770 F.2d 308 (2d Cir. 1985), cert. denied, 474 U.S. 1058 (1986).......................12

Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,
117 F.3d 655 (2d Cir. 1997) ............................................................................. 4

Citibank, N.A. v. K-H Corp.,
968 F.2d 1489 (2d Cir. 1992) ............................................................................11

Cohen v. Koening,
25 F.3d 1168 1172 (2d Cir. 1994) ..................................................................... 4

Crude Oil Commodity Litigation,
2007 WL 2589482 (S.D.N.Y. Sept. 7, 2007 ..................................................... 9

DiVittorio v. Equidyne Extractive Industries, Inc.,
822 F.2d 1242 (2d Cir. 1987) ............................................................................ 5

Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.,
343 F.3d 189 (2d Cir. 2003) ..............................................................................11

Faleck & Margolies, Ltd.,
1995 WL 33631(S.D.N.Y. Jan. 30, 1995) .........................................................12

Glidepath Holding B.V. v. Spherion Corp.,
2007 WL 2176072 (S.D.N.Y. July 26, 2007)....................................................11

Global Media Corp. v. Gateway Distributors, Ltd.,
2007 WL 2589535 (S.D.N.Y. Aug. 28, 2007)............................................10, 11

Haskin v. R.J. Reynolds Tobacco Co.,
995 F. Supp. 1437 (M.D. Fla. 1998) .................................................................. 7

Hunt v. Enzo Biochem, Inc.,
471 F. Supp.2d 390 (S.D.N.Y. 2006)................................................................11

Int'l Cabletel Inc. v. Le Groupe Videotron Ltee,
978 F. Supp. 483 (S.D.N.Y. 1997)...................................................................10

Kulas v. Adachi,
1997 WL 256957 (S.D.N.Y. May 16, 1997) .........................................10, 11, 13

Lentell v. Merrill Lynch & Co.,
396 F.3d 161(2d Cir.), cert. denied, 546 U.S. 935 (2005) .................................11n

Lerner v. Fleet Bank, N.A.,
459 F.3d 273 (2d Cir. 2006) ............................................................................. 5

Matsumura v. Benihana Nat'l Corp.,
542 F. Supp.2d 245 (S.D.N.Y. 2003) ................................................................ 5

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young,
1994 WL 88129 (S.D.N.Y. Mar. 15, 1994)...................................................7, 9

Mills v. Polar Molecular Corp.,
12 F.3d 1170 (2d Cir. 1993) ........................................................................5, 10

Nasik Breeding & Research Farm Ltd. v. Merck & Co.,
165 F. Supp.2d 514 (S.D.N.Y. 2001) ................................................................ 8

Northern Telecom Ltd. Sec. Litigation,
116 F. Supp. 2d 446 (S.D.N.Y. Sept. 28, 2000)...............................................12

Novak v. Kasaks,
216 F.3d 300 (2d Cir.), cert. denied, 531 U.S. 1012 (2000) ................................ 6

Ross v. Bolton,
904 F.2d 819 (2d Cir. 1990) ............................................................................. 6

San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc.,
75 F.3d 801 (2d Cir. 1996) ............................................................................... 6

Shields v. Citytrust Bancorp, Inc.,
25 F.3d 1124 (2d Cir. 1994) ..................................................................4, 6

Solar Travel Corp. v. Nachtomi,
2001 WL 641151 (S.D.N.Y. June 8, 2001) ....................................................11

Spencer Trask Software & Information Services LLC v. Rpost Int'l Ltd.,
383 F. Supp.2d 428 (S.D.N.Y. 2003) .......................................................8, 12, 13

Spithogianis v. Haj-Darwish,
2008 WL 82188 (S.D.N.Y. Jan. 7, 2008) .................................................9, 13

Swartz v. KPMG LLP,
476 F.3d 756 (9th Cir. 2007) ................................................................. 7

Travelers Indemnity Co. of Illinois v. CDL Hotels USA, Inc.,
322 F. Supp.2d 483 (S.D.N.Y. 2004)............................................................ 9

Wexner v. First Manhattan Co.,
902 F.2d 169 (2d Cir. 1990) ................................................................. 4


**STATE CASES**

Channel Master Corp. v. Aluminum Ltd. Sales, Inc.,
4 N.Y.2d 403, 176 N.Y.S.2d 259 (1958) ......................................................4

First Bank of Americas v. Motor Car Funding, Inc.,
257 A.D.2d 287, 690 N.Y.S.2d 17 (1st Dep't 1999)..........................................8

Lama Holding v. Smith Barney Inc.,
88 N.Y.2d 413, 646 N.Y.S.2d 76 (1996) .....................................................13

New York University v. Continental Ins. Co.,
 87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995)....................................................10

Rocanova v. Equitable Life Assurance Society of the United States,
83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994)....................................................10

## **RULES AND STATUTES**

Fed.R.Civ.P. 8(a)..............................................................................................2, 11

Fed.R.Civ.P. 9(b)........................................................................2, 3, 4, 5, 6, 7, 9

Fed.R.Civ.P. 11......................................................................................................11

Fed.R.Civ.P. 12(b)(6).............................................................................................2

Defendant Xethanol Corporation ("Xethanol")[1] respectfully submits this memorandum of law in support of its motion to dismiss the Third Amended Complaint ("Third Amended Complaint") pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In this classic strike suit against a public company, plaintiff originally alleged damages of $10 million against Xethanol and nine of Xethanol's current and former directors, officers and employees based on vague allegations, presumably of fraud. When Xethanol challenged that damage figure in its letter seeking leave to make this motion, and the Court raised the specter of Rule 11,[2] the damages demand suddenly dropped to $250,000. Leaving aside what that reveals about the underlying

---

[1] Plaintiff Global Energy & Management, LLC ("Global") has not served its pleading on any of the individual defendants.

[2] On May 1, 2008, in response to Xethanol's April 21, 2008 letter to the Court requesting leave to file a motion to dismiss the Second Amended Complaint, the Court issued a letter ruling, stating in relevant part:

> [W]e wish to afford plaintiff a final opportunity to amend his complaint within fourteen (14) days, if he believes he can do so consistently with Fed. R. Civ. P. 11 and in a fashion that addresses the problems identified by defendants. We do so in the interest of avoiding an unnecessary round of motion practice. Further, having been afforded the opportunity to amend its complaint in response to defendants' submission, plaintiff should not anticipate being granted a further opportunity to amend, should we find that there is merit in some or all of defendants' arguments.

2

facts of this case, the current complaint, the Third Amended Complaint, still fails legally to state a valid fraud claim, despite plaintiff's many attempts to cobble such a claim here. This is now Global's fifth version of the legal equivalent of throwing a pot of spaghetti at the wall to see what sticks. Global's claim for fraud is legally without merit.

Global has neither stated fraud with the particularity Rule 9(b) requires, nor has it rectified the fact that it attempts to turn a breach of contract claim into a claim for fraud, which it may not do. Global continues to include five individuals as defendants, even though there are no allegations of wrongdoing against any of them. As to the other four individual defendants, plaintiff ascribes to them either no specific misrepresentations or statements that are promissory statements of potential future events. Moreover, Global has not stated loss causation and also seeks damages it may not recover as a matter of law. Xethanol respectfully requests that the Third Amended Complaint be dismissed with prejudice.

## ARGUMENT

### I.

### GLOBAL HAS NOT PLED COMMON LAW FRAUD WITH SUFFICIENT PARTICULARITY UNDER NEW YORK LAW OR RULE 9(b)

Global "must not only plead the elements of the relevant [fraud] claim under New York law [in this diversity lawsuit], but [it] . . . must also meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which provides that, '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake

---

Letter Order dated May 1, 2008 (attached as Exhibit A to the Affidavit of Katherine B. Harrison in Support of the Motion of Defendant Xethanol Corporation's to Dismiss the

3

shall be stated with particularity.'" <u>Apace Communications, Ltd. v. Burke</u>, 522 F. Supp.2d 509, 514 (W.D.N.Y. 2007)(sweeping, undifferentiated allegations did not comply with Rule 9(b)'s pleading requirements where complaint alleged that multiple defendants, sometimes in concert with unnamed "others," made misrepresentations about some general subject matter "around" certain periods of time)(Larimer, J.).

To state a claim for fraud in New York, a plaintiff must allege (a) a material false representation of an existing fact, (b) made with knowledge of its falsity, (c) with an intent to defraud, (d) reasonable reliance and (e) damages. <u>Cohen v. Koening</u>, 25 F.3d 1168, 1172 (2d Cir. 1994); <u>Channel Master Corp. v. Aluminum Ltd. Sales, Inc.</u>, 4 N.Y.2d 403, 176 N.Y.S.2d 259 (1958). Although Rule 9(b) permits knowledge to be averred generally, the Second Circuit has warned that this aspect of the Rule "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." <u>Wexner v. First Manhattan Co.</u>, 902 F.2d 169, 172 (2d Cir. 1990). A complaint must, which the Third Amended Complaint does not, "'allege facts that give rise to a strong inference of fraudulent intent.'" <u>Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.</u>, 117 F.3d 655, 663 (2d Cir. 1997), quoting <u>Shields v. Citytrust Bancorp, Inc.</u>, 25 F.3d 1124, 1128 (2d Cir. 1994). Alleging only in paragraph 11 of the Third Amended Complaint, for example, that "[t]he representations made by defendants to Tyrol and the other [unnamed] Global representative were false and known by defendants to be false when

---

Third Amended Complaint ("Harrison Aff."))

they were made" (Compl., Harrison Aff., Ex. B ¶ 11)[3] does not muster the facts required to fulfill the requirements of Rule 9(b) for pleading fraud with specificity. This is even more the case when there are no allegations of wrongdoing whatsoever against at least five of the individual defendants still named and/or mentioned in the Third Amended Complaint (Thomas J. Endres, David Ames, Louis B. Bernstein, David Kreitzer and John Murphy).

If more than one defendant – as here – is alleged to have participated in a fraudulent scheme, the complaint <u>must</u> allege facts specifying <u>each</u> defendant's actions in furtherance of the fraud. General allegations against the defendant "group" are insufficient and do not meet Rule 9(b)'s pleading requirements. <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1175 (2d Cir. 1993); <u>DiVittorio v. Equidyne Extractive Industries, Inc.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987)("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.").

The Third Amended Complaint must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" <u>Matsumura v. Benihana Nat'l Corp.</u>, 542 F. Supp.2d 245, 251 (S.D.N.Y. 2003) (Buchwald, J.), <u>citing</u> <u>Mills</u>, 12 F.3d at 1175; <u>see also</u> <u>Lerner v. Fleet Bank, N.A.</u>, 459 F.3d 273, 290 (2d Cir. 2006). The Second Circuit repeatedly has held that this requires

---

[3] "Compl." refers to the Third Amended Complaint, a copy of which is attached as <u>Exhibit B</u> to the Harrison Aff.

more than conclusory allegations that a defendant's conduct was fraudulent. See, e.g., Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995); Shields, 25 F.3d at 1128. Indeed, "[t]he primary purpose of Rule 9(b) is to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based." Novak v. Kasaks, 216 F.3d 300, 314 (2d Cir.), cert. denied, 531 U.S. 1012 (2000), quoting Ross v. Bolton, 904 F.2d 819, 823 (2d Cir. 1990).

Paragraph 10 of the Third Amended Complaint refers generally to misrepresentations the individual defendants allegedly made "to Lee Tyrol and other representatives of Global orally on many telephone calls and in innumerable meetings. . . ." (Compl., Ex. B ¶ 10) It sets forth certain "facts" "Defendants [allegedly] misrepresented," none of which refer to a particular individual. Id. Paragraph 10 then describes eight alleged "misrepresentations." Global does not, however, "'explain why the [eight] statements were fraudulent.'" Novak, 216 F.3d at 306, quoting Shields, 25 F.3d at 1128; accord Acito, 47 F.3d at 51. To satisfy Rule 9(b), Global must allege – and it has not done so – how the statements at issue were false and facts giving rise to a strong inference of fraudulent intent. San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc., 75 F.3d 801, 812 (2d Cir. 1996).

Moreover, to the extent that these eight statements do not refer to a particular defendant, Rule 9(b)

> "[d]oes not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"

6

Apace, 522 F. Supp.2d at 517, quoting Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007), quoting Haskin v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437, 1439 (M.D. Fla. 1998); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young, 1994 WL 88129 *7 (S.D.N.Y. Mar. 15, 1994)("Sweeping references to the collective fraudulent actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b).")(Haight, J.).

The eight subparagraphs in the Third Amended Complaint lack the specificity Rule 9(b) requires. Five of the subparagraphs have nothing to do with "telephone calls" or "innumerable meetings." They are press releases or brochures (¶¶ 10(a), (b), (c)), a Form 10KSB (¶10(e)) and a magazine article (¶ 10(f)). None of these documents mentions any of the individual defendants with the exception of two items (¶¶ 10(b) (press release), (f) (magazine article, which defendants did not author)), which mention individual defendant Christopher D'Arnaud-Taylor.

The remaining three statements also run afoul of Rule 9(b). First, none of them mentions five of the individual defendants, namely, Bernstein, Ames, Endres, Kreitzer and Murphy, at all. Global refers to them merely as "defendants" and ascribes no wrongdoing to any of them.

Second, individual defendants Lawrence S. Bellone and Robin Buller are mentioned in only two subparagraphs, namely, ¶¶ 10(g) and 10(h). To the extent Bellone and Buller are mentioned in ¶ 10(g), Global does not state they made any specific misrepresentations to Global or its representatives, alleging instead:

> Bellone and Buller participated in the conversations, contradicted nothing said by Taylor and by Langberg and

7

> independently confirmed their beliefs that this process of converting garbage to ethanol was feasible and would be very profitable.

(Compl., Ex. B ¶ 10(g)). To the extent Bellone and Buller are mentioned in ¶ 10(h), Global simply states that they "again stated that Xethanol had the technology with which to engage in the cellulosic production of ethanol on a commercially reasonable basis." (Id. ¶ 10(h)) Moreover, the statements vaguely ascribed to Bellone and Buller are "mere promissory statements about what is to be done in the future." Spencer Trask Software & Information Services LLC v. Rpost Int'l Ltd., 383 F. Supp.2d 428, 453 (S.D.N.Y. 2003)(Leisure, J.); "[T]his process of converting garbage to ethanol was feasible," and "Xethanol had the technology with which to engage in the cellulosic production of ethanol." (Compl., Ex. B ¶¶ 10(g), 10(h)) See also First Bank of Americas v. Motor Car Funding, Inc., 257 A.D.2d 287, 690 N.Y.S.2d 17 (1st Dep't 1999)(observing that fraud claim should be dismissed as redundant when the only fraud alleged is that defendant was not sincere when it promised to perform under the contract); Nasik Breeding & Research Farm Ltd. v. Merck & Co., 165 F. Supp.2d 514, 530 (S.D.N.Y. 2001)("Terms like 'very high productive traits,' which do not set forth a concrete representation as to the company's future performance, are in the nature of commercial puffery and cannot form the basis for a fraud claim here." Id.)(Schwartz, J.).

  Finally, while individual defendants Taylor and Jeffrey Langberg are mentioned in all three subparagraphs, like Bellone and Buller, the statements they allegedly made are promissory statements of potential future events. "Taylor said that he could 'make a plant' producing cellulosic ethanol that would make money and be

8

profitable in Tyrol's front yard." (Compl., Ex. B ¶ 10(d)) "Taylor drew another flow chart on a white board demonstrating that garbage could be placed within machinery which would [make] ethanol. Langberg stated to Tyrol, DiBella and Barton that this technology would 'make a fortune' for Global and for Xethanol." (Id. ¶ 10(g)) "Taylor, Langberg, Bellone and Buller again stated that Xethanol had the technology with which to engage in the cellulosic production of ethanol on a commercially profitable basis." (Id. ¶ 10(h)) Moreover, Global's allegation that it met with a Joseph J. Grano, Jr., who was not an officer or director of Xethanol and is alleged to be only "an advisor to the board of directors of Xethanol," has nothing to do with alleged misrepresentations by defendants.

Global's vague allegations of fraud by "defendants" must be dismissed. "The knowledge or intent of the speaker may be averred generally; however, conclusory allegations are not permitted." Spithogianis v. Haj-Darwish, 2008 WL 82188 *6 (S.D.N.Y. Jan. 7, 2008)(Francis, Mag. J.); see also Travelers Indemnity Co. of Illinois v. CDL Hotels USA, Inc., 322 F. Supp.2d 483, 499-500 (S.D.N.Y. 2004)(Mukasey, J.). "The allegations' impermissible failure to distinguish" among the Defendants "mandates dismissal under both Rule 9(b) and Rule 8(a)." Merrill Lynch, 1994 WL 88129 at *20; see also In re Crude Oil Commodity Litigation, 2007 WL 2589482 *1 (S.D.N.Y. Sept. 7, 2007 (Buchwald, J.)(Court upheld motion to dismiss amended complaint; defendants argued that "the conclusory nature of the [Third Amended Complaint] not only fail[s] to satisfy the heightened pleading standard of Rule 9(b), but also the notice pleading standard of Rule 8(a).").

II.

**GLOBAL CANNOT TRANSFORM A BREACH OF
CONTRACT CLAIM INTO A CLAIM FOR FRAUD**

Global alleges that it "invested $250,000 into New England Xethanol, a limited liability company formed by Global and by Xethanol to engage in the biomass to biofuels business." (Compl., Ex. B ¶ 13)  It is well-settled under New York law that a "contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations."  Rocanova v. Equitable Life Assurance Society of the United States, 83 N.Y.2d 603, 614, 612 N.Y.S.2d 339, 353 (1994); see also New York University v. Continental Ins. Co., 87 N.Y.2d 308, 316, 639 N.Y.S.2d 283, 288 (1995)("[W]here a party is merely seeking to enforce its bargain, a tort claim will not lie."); Int'l Cabletel Inc. v. Le Groupe Videotron Ltee, 978 F. Supp. 483, 486-87 (S.D.N.Y. 1997)(Sotomayor, J.); Global Media Corp. v. Gateway Distributors, Ltd., 2007 WL 2589535 *4 (S.D.N.Y. Aug. 28, 2007)(Berman, J.); Mills, 12 F.3d at 1176 ("contract may be breached for legitimate business reasons and contractual breach, in and of itself, does not bespeak fraud, and generally does not give rise to tort damages").

This business relationship between Xethanol and Global is clearly based on contract, namely, the Operational Agreement involving NewEngland. (Harrison Aff., Ex. C)  Global has no valid contract claim because it failed to perform under the agreement.  But that hardly entitles Global to shift to a fraud claim.  Global improperly attempts to "transform a breach of contract claim into a fraud claim, which it may not do." Kulas v. Adachi, 1997 WL 256957 *9 (S.D.N.Y. May 16, 1997)(Mukasey, J.); see

10

also Global Media, 2007 WL 2589535 at *4; Kulas, 1997 WL 256957 at *9. Global's fraud claim is thus untenable and should thus be dismissed.

### III.

### GLOBAL HAS FAILED TO ALLEGE LOSS CAUSATION[4]

Under New York law, common law fraud is "'a representation of fact, which is untrue and either known by defendant to be untrue or recklessly made, which is offered to deceive and to induce the other party to act upon it, which causes injury.'" Solar Travel Corp. v. Nachtomi, 2001 WL 641151 *4 (S.D.N.Y. June 8, 2001) (Schwartz, J.). "Loss causation is an essential element" of the common law fraud claim. Glidepath Holding B.V. v. Spherion Corp., 2007 WL 2176072 *15 (S.D.N.Y. July 26, 2007) (Karas, J.). "Loss causation 'is the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff.'" Lentell v. Merrill Lynch & Co., 396 F.3d 161, 172 (2d Cir.), (quoting Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc., 343 F.3d 189, 198 (2d Cir. 2003)), cert. denied, 546 U.S. 935 (2005). "Loss causation is causation in the traditional 'proximate cause' sense – the allegedly unlawful conduct caused the economic harm." AUSA Life Ins. Co. v. Ernst & Young, 206 F.3d 202, 209 (2d Cir. 1986). "Similar to loss causation, the proximate cause element of common law fraud require that plaintiff adequately allege a causal connection between defendants' non-disclosures" and plaintiff's alleged loss. Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1495 (2d Cir. 1992)("To establish loss causation a plaintiff must show,

---

[4] The pleading of loss causation is governed by Rule 8(a). See Hunt v. Enzo Biochem, Inc., 471 F. Supp.2d 390, 408-09 (S.D.N.Y. 2006) (Scheindlin, J.).

11

that the economic harm that it suffered *occurred as a result* of the alleged misrepresentations." Id. (emphasis in original)); see also In re Faleck & Margolies, Ltd., 1995 WL 33631 *11 (S.D.N.Y. Jan. 30, 1995)(Kram, J.); Bennett v. U.S. Trust Co. of New York, 770 F.2d 308, 313 (2d Cir. 1985), cert. denied, 474 U.S. 1058 (1986); In re Northern Telecom Ltd. Sec. Litigation, 116 F. Supp. 2d 446, 455-56 (S.D.N.Y. Sept. 28, 2000)(Cederbaum, J.).

Global's only allegation of injury in the Third Amended Complaint is the statement that, based on "representations of defendants," Global "invested $250,000 into New England Xethanol." (Compl., Ex. B ¶ 13) Global demands "defendants to repay" that alleged $250,000 and also to pay for "lost profits" and "consequential damages." (Id. at 7) Global does not explain how press releases, a magazine article or a 10K caused its alleged injury. Moreover, Global does not explain how five individual defendants (Ames, Bernstein, Enders, Kreitzer or Murphy) – against whom no wrongdoing is alleged – injured Global. Global does not plead how Bellone and Buller, who made no specific misrepresentations, caused Global's supposed injuries. Nor does Global explain how "mere promissory statements about what is to be done in the future," Spencer, 383 F. Supp.2d at 453, injured Global.

> Courts in this District and this Circuit do require more than merely conclusory allegations of injury to state a claim for fraud. These Courts have required that the plaintiffs allege both transaction and loss causation, and the plaintiffs include facts in their complaint from which loss causation can be inferred.

Id., 383 F. Supp.2d at 457.

Finally, Global may not recover lost profits or consequential damages to which it claims it is entitled. (Compl., Ex. B at 7) "The measure of damages for fraud is the actual pecuniary loss suffered as a result of the fraud, the so-called 'out-of pocket' rule." Kulas, 1997 WL 256957 at *10; see also Lama Holding v. Smith Barney Inc., 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76, 80 (1996); Spencer, 383 F. Supp.2d at 456-57; Spithogianis, 2008 WL 82188 at *7.

> Under the "out-of-pocket" rule, a plaintiff's loss is the "difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain." "Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained." Thus, "there can be no recovery of profits which would have been realized in the absence of fraud."

Kulas, 1997 WL 256957 at *10.

Global's fraud cause of action therefore must be dismissed for failing to meet the requirements of Rules 8(a) and 9(b).

## **CONCLUSION**

For the reasons discussed above, the Court should dismiss the Third Amended Complaint pursuant to Rules 8(a), 9(b) and 12(b)(6) with prejudice.

Dated:  New York, New York
        June 25, 2008

                                    Respectfully submitted,

                                    PADUANO & WEINTRAUB LLP

                                    By: _____
                                        Anthony Paduano (AP 8400)
                                        Katherine B. Harrison (KH 9745)
                                        Kathryn L. Bedke (KB 7855)

                                    1251 Avenue of the Americas, Ninth Floor
                                    New York, New York 10020
                                    212-785-9100

                                    Attorneys for Defendant
                                    Xethanol Corporation