UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL ENERGY AND MANAGEMENT, :
LLC, a limited liability com-
pany of Connecticut,                      :

        Plaintiff,        :        07 Civ. 11049 NRB

     -vs-                          :

XETHANOL CORPORATION, CHRISTO-:
PHER D'ARNAUD-TAYLOR, JEFFERY
LANGBERG, LAWRENCE S. BELLONE,:
LOUIS B. BERNSTEIN, DAVID AMES,
THOMAS J. ENDRES, ROBIN BUL-  :
LER, DAVID KREITZER and JOHN
MURPHY,

        Defendants. :
_____x

# BRIEF in OPPOSITION to MOTION to
# DISMISS THIRD AMENDED COMPLAINT

ROBERT A. VORT
RAV 1105
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
rvort@vortlaw.com

## TABLE OF CONTENTS OF BRIEF

Point I:   Global has pleaded fraud with sufficient
           particularity. . . . . . . . . . . . . . . . . .1

Point II:  This is a fraud claim. . . . . . . . . . . . . .9

Point III: Global adequately pleaded its injury . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES CITED

### Statute Cited

28 U.S.C. §1332(a)(1). . . . . . . . . . . . . . . . . . . .1

### Court Rules Cited

Fed.R.Civ.P. 8(a). . . . . . . 1, 4, 10

Fed.R.Civ.P. 8(a)(2) . . . . . . . . . . . . . . . . . . . .1

Fed.R.Civ.P. 9(b). . . . . . . . . . . . . . . . 1, 2, 3,4, 5

Fed.R.Civ.P. 12(b)(6). . . . . . . . . . . . . . . . . . . .1

Fed.R.Civ.P. 26(f) . . . . . . . . . . . . . . . . . . . . .6

### Cases Cited

Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995) . . . 3, 4

Beverly Hills Concepts, Inc. v. Schatz and Schatz,
     Ribicoff and Kotkin, 247 Conn. 48, 717 A.2d 724 (1998). . .8

Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,
     117 F.3D 655 (2d Cir. 1997) . . . . . . . . . . . . . . .2

Cosmas v. Hassett, 886 F.2d 8 (2d Cir. 1989) . . . . . . . . .4

DiVittorio v. Equidyne Extractive Industries, Inc.,
     822 F.2d 1242 (2d Cir. 1987). . . . . . . . . . . . . . .4

In re Colonial Ltd. Partnership Litigation, 854 F.Supp.
     64 (D.Conn. 1994) . . . . . . . . . . . . . . . . . . . .1

In re Initial Public Offering Securities Litigation,
     241 F.Supp.2d 281 (S.D.N.Y. 2003) . . . . . . . . . . . .4

Independent Energy Corp. v. Trigen Energy Corp.,
  944 F.Supp. 1184 (S.D.N.Y. 1995). . . . . . . . . . . . .2

International Telepassport Corporation v. USFI, Inc.,
  89 F.3d 82 (2d Cir. 1996) . . . . . . . . . . . . . . . .7

Kenford Co., Inc. v. County of Erie, 67 N.Y.2d 257,
  493 N.E.2d 234, 502 N.Y.S.2d 131 (1986) . . . . . . . . .7

Shields v. Citytrust Bancorp., Inc., 25 F.3d 1124
  (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . 3, 4

Sira v. Morton, 380 F.3d 57 (2d Cir. 2004) . . . . . . . . .4

Skydell v. Ares-Serono S. A., 892 F.Supp. 498 (S.D.N.Y. 1995). .2

S.O.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.,
  84 F.3d 629 (2d Cir. 1996). . . . . . . . . . . . . . . .1

Stack v. Lobo, 903 F.Supp. 1361 (N.D.Calif. 1995). . . . . . .4

Woodford v. Community Action Agency of Greene County,
  Inc., 239 F.3d 517 (2d Cir. 2001) . . . . . . . . . . . .4

Xethanol Corporation moves to dismiss the third amended complaint pursuant to Fed.R.Civ.P. 8(a), 9(b) and 12(b)(6). For the reasons stated in this memorandum, plaintiff Global Energy and Management, LLC submits that the Court should deny the motion.

### POINT I

**GLOBAL HAS PLEADED FRAUD WITH
SUFFICIENT PARTICULARITY.**

Although it is sufficient generally for a plaintiff to simply plead a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), allegations of fraud "shall be stated with particularity," Fed.R.Civ.P. 9(b).

Plaintiff invokes subject matter jurisdiction grounded in diversity of citizenship, 28 U.S.C. §1332(a)(1); it is a Connecticut limited liability company all members of which are Connecticut citizens. Xethanol is a Delaware corporation whose principal place of business is in New York. The complaint pleads on information and belief that none of the individual defendants is a Connecticut citizen. It is unclear if New York law or Connecticut law governs but, regardless, the elements of fraud are identical: a misrepresentation of a material fact made with knowledge that the statement is false, made with the intent that the plaintiff rely on the false statement and detrimental reliance by the plaintiff, S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996)(New York law), In re Colonial Ltd. Partnership Litigation, 854 F.Supp. 64, 101 (D.Conn.

1994)(Connecticut law).

Rule 9(b) requires that the complaint identify the person(s) making the misrepresentations and that it state the time, place and circumstances of the alleged misrepresentations, e.g., Independent Energy Corp. v. Trigen Energy Corp., 944 F.Supp. 1184, 1198-99 (S.D.N.Y. 1996), Skydell v. Ares-Serono S.A., 892 F.Supp. 498, 501-02 (S.D.N.Y. 1995). Rule 9(b) expressly permits a plaintiff to plead generally allegations of "malice, intent, knowledge and other condition of mind."

Global submits that the third amended complaint adequately pleads the defendants' fraud. This is pleaded generally in the introductory paragraph of paragraph 10 and, more specifically, in paragraphs 10(a) through 10(h). These paragraphs identify the individuals who made the statements, the dates on which they made the statements and the contents of the statements [¶¶10(d), 10 (f), 10(g), 10(h)]. Some statements were made not by individuals but in a documents published by Xethanol without attribution to individuals [¶¶10(a), 10(b), 10(c), 10(e), 10(f)].

The defendants represented that they had the technology to produce ethanol in a commercially feasible manner from garbage and other specified substances. In fact, defendants had no such technology. To borrow from Xethanol's moving brief, these representations do "give rise to a strong inference of fraudulent intent," (Brief at 4, quoting Campaniello Imports, Ltd. v. Saporiti

Italia S.p.A., 117 F.3d 655, 663 (2d Cir. 1997) in turn quoting from Shields v. Citytrust Bancorp., Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Xethanol uses this quote to bolster its argument that Global had to plead with specificity a) that Xethanol had the requisite bad intent and b) that Global relied on Xethanol's representations.

As noted supra, Rule 9(b) does not require that matters of intent or reliance be pleaded with specificity.  Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995), cited by Xethanol at page 6, does not (and cannot) contradict the Rule.  Acito construed the rule to require that a plaintiff either plead facts showing that defendants had both motive and opportunity to commit fraud or showing that there was strong circumstantial evidence of conscious misbehavior or recklessness on the part of the defendant, 47 F.3d at 52.  The

The third amended complaint pleads both prongs.  The brochure, press releases and SEC filing demonstrate that defendant was trying to create a market for a product that had not existed based upon a brand new proprietary technology.  The statements of the individual defendants boasted of Xethanol's ability to convert garbage into ethanol, a 21st century alchemy.  In a nation with a seemingly insatiable appetite for energy, defendants had both motive and opportunity for fraud.  The statements promised the ability to do something that had not been done before, not

just to recycle garbage but to convert it into energy, the 21st century equivalent of gold.  By any standard, these statements satisfy both prongs of Acito.

Xethanol would require that plaintiff plead why the statements were false or prove the technology that Xethanol in fact had.  The statements were false because Xethanol did not have the technology it claimed to have.  Rule 9(b) does not and is not intended to require that a plaintiff set forth in detail the evidence supporting its claim, Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 526 (2d Cir. 2001), Stack v. Lobo, 903 F.Supp. 1361, 1367 (N.D.Calif. 1995).[1]

The Court must construe 9(b) in the context of Rule 8(a), DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987), In re Initial Public Offering Securities Litigation, 241 F.Supp.2d 281, 327 n.47 (S.D.N.Y. 2003). Rule 9(b) is intended only to provide fair notice to a defendant of the plaintiff's claim, to protect a defendant from improvident charges of wrongdoing and to reduce the number of strike suits, DiVittorio, supra, Shields v. Citytrust Bancorp, Inc., supra at 1128.  In Initial Public Offering, the Court said:

---

[1]Xethanol attached a copy of its Form 8(K) to the certification of Katherine Harrison.  Despite the quotations in the amended complaint, the Court may not consider the 8(K) in connection with this motion, Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004), Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989).

The application of Rule 9(b), however, must not
abrogate the concept of notice pleading (quotation
marks and citation omitted); Cayman Exploration
Corp. v. United Gas Pipe Line Co., 873 F.2d 1357,
1362 (10th Cir. 1989)("We recognize that the poli-
cy of simplicity in pleadings which underlies the
Federal Rules of Civil Procedure requires a court
to read Rule 9(b)'s requirements in harmony with
Rule 8's call for a 'short and plain statement of
the claim'")(citation omitted); Michaels Bldg. Co.
v. Ameritrust Co., 848 F.2d 674, 679 (6th Cir.
1988)("In ruling upon a motion to dismiss under
Rule 9(b). . .a court must factor in the policy of
simplicity in pleading which the drafters of the
Federal Rules codified in Rule 8. . . .[T]he two
rules must be read in harmony."); Friedlander v.
Nims, 755 F.2d 810, 813 n.3 (11th Cir. 1985)("Rule
9(b) must not be read to abrogate rule 8, however,
and a court considering a motion to dismiss for
failure to plead fraud with particularity should
always be careful to harmonize the directives of
rule 9(b) with the broader policy of notice plead-
ing."); Seville Indus. Mach. Corp. v. Southmost
Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)
("[F]ocusing exclusively on [Rule 9(b)'s] 'parti-
cularity' language 'is too narrow an approach and
fails to take account of the general simplicity
and flexibility contemplated by the rules.'")(ci-
itations omitted). 281 F.Supp.2d at 327 n.47

Global respectfully submits that the third amended complaint

satisfies Rule 9(b), and that this Court should deny Xethanol's

motion to dismiss.

Plaintiff acknowledges that paragraph 9 refers to Thomas

Endres, David Kreitzer and John Murphy.  These people are not

named in the caption as defendants.  Plaintiff seeks no relief

against any of them.  They had been joined as defendants in the

second amended complaint and were omitted from the caption in the

third amended complaint; the inclusion of their names within pa-

ragraph 9 was error.  Plaintiff tendered to Xethanol counsel a
stipulation dismissing the claims against these three defendants
by letter dated June 24, 2008, [Vort declaration, Exhibit A].
Counsel declined to stipulate.  Defendant is also correct that
the third amended complaint pleads no specific representations as
to defendants Ames and Bernstein; Global will dismiss as to them.

However, contrary to the statement at page 3 of Xethanol's
brief, the complaint identifies statements made by the other in-
dividuals.  See paragraph 10(b), (d), (f), (g) and (h) as to
Christopher D'Arnaud-Taylor, paragraph 10 (d), (g) and (h) as to
Jeffery Langberg, paragraph 10(g) and (h) as to Lawrence S. Bel-
lone and as to Robin Buller.[2]

Xethanol asserts that the statements of Bellone and Buller,
even if made, do not rise to the level at which they can consti-
tute a fraudulent misrepresentation.  Paragraph 10(h) pleads that
they falsely stated that Xethanol had technology with which to
engage in the cellulosic production of ethanol on a commercially
profitable basis.  Paragraph 10(g) states that they independently
confirmed their belief that the Xethanol technology for convert-
ing garbage to ethanol was feasible.  That is not a mere promis-
sory statement; it is an affirmative representation of existing

---

[2]Plaintiff has not served the individual defendants.  We do
not know their addresses, and we served interrogatories on Xetha-
nol counsel to locate them.  Xethanol declined to answer interro-
gatories in advance of a 26(f) conference.

technology intended to persuade Global to invest $250,000 into the marketing of that technology.  Paragraph 10(g) also pleads that Bellone and Buller were silent in the face of fraudulent misrepresentations made by D'Arnaud-Taylor and by Langberg.  The silence of Bellone and Buller, standing without any affirmative misrepresentation, constitutes a fraudulent concealment.

Paragraphs 10(a) and (e) refer to statements made in the name of the corporation.  Plaintiff does not know to what individual(s) these statements can be attributed.  The statement was made by Xethanol and it, as an entity, should be charged with the responsibility for false statements made by it.  If the law were otherwise, individuals could simply hide behind the corporate identity and no one would be responsible for misrepresentations made in corporate name.

Xethanol claims that the decrease in Global's damage demand reflects a lack of merit to the claim.  It does not.  It reflects an abandonment of Global's claim for lost profits and an attempt to recover only the amount of Global's $250,000.  Global's abandonment of its claim for lost profits is not an acknowledgment that Global cannot recover lost profits.  It reflects only an acknowledgment of the difficulty of projecting lost profits with any degree of confidence.[3]

---

[3]Global can recover lost profits under New York law, <u>Kenford Co., Inc. v. County of Erie</u>, 67 N.Y.2d 257, 261, 493 N.E.2d 234, 235, 502 N.Y.S.2d 131, 132 (1986), <u>International Telepassport</u>

For the preceding reasons, the complaint adequately pleads a claim of fraud against Xethanol, D'Arnaud-Taylor, Langberg, Bellone and Buller, and the Court should deny the motion to dismiss as to them.

---

Corporation v. USFI, Inc., 89 F.3d 82, 85-86 (2d Cir. 1996), and under Connecticut law, Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin, 247 Conn. 48, 63-65, 717 A.2d 724, 733-34 (1998).

## POINT II

## THIS IS A FRAUD CLAIM.

Global invested $250,000 into a joint venture with Xethanol. Global invested this money on the strength of statements made by D'Arnaud-Taylor, Langberg, Bellone and Buller and, by some person or persons hiding behind the corporate identity, to the effect that Xethanol had existing technology with which to convert garbage into ethanol. If Global had not received its percentage interest in New England Xethanol, it could sue for breach of contract. However, Global did receive its interest in New England Xethanol.

If Xethanol did not transfer the technology to New England Xethanol, then New England Xethanol could have a breach of contract claim against Xethanol, but Global would not have standing to maintain that claim.

This action is about the statements made by Xethanol and its officers to Lee Tyrol and other representatives of Global to the effect that Xethanol had technology with which it could convert garbage into ethanol in a commercially profitable manner. Those statements were false. The statements were made to induce Global to invest money into New England Xethanol, and they did. That is a fraud claim.

Global is not trying to convert a breach of contract claim into a fraud claim just by pleading that defendants did not in-

tend to satisfy Xethanol's obligations.  The complaint pleads that the statements were false when made and known to the defendants to be false when made (Complaint ¶¶11, 12).  That is not a breach of contract claim; it is a fraud claim.

The Court should deny Xethanol's motion to dismiss.

POINT III

**GLOBAL ADEQUATELY PLEADED ITS INJURY.**

Xethanol acknowledges that Rule 8(a) governs the specificity of allegations of loss. Paragraph 13 pleads that Global invested $250,000 into New England Xethanol in reliance on the false representations of the defendants. Global lost that $250,000; it is not seeking consequential damages only the direct damage of the $250,000. If it is not explicit that Global lost the $250,000, it is implicit within the context of the allegations. If Xethanol wishes to contest this loss or the quantum of loss, it may engage in pretrial discovery, but it is not entitled to a dismissal at this time.

**CONCLUSION**

For the reasons stated in this memorandum or for any of them, this Court should dismiss the complaint as to defendants Ames, Bernstein, Endres, Kreitzer and Murphy. It should deny the motion as to all other defendants.

Respectfully submitted,

Dated: July 17, 2008                    Robert A. Vort

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL ENERGY AND MANAGEMENT, :
LLC, a limited liability com-
pany of Connecticut,                :

        Plaintiff,        :        07 Civ. **11049** NRB

    -vs-                            :

XETHANOL CORPORATION, CHRISTO-:
PHER D'ARNAUD-TAYLOR, JEFFERY
LANGBERG, LAWRENCE S. BELLONE,:
LOUIS B. BERNSTEIN, DAVID AMES,
THOMAS J. ENDRES, ROBIN BUL- :
LER, DAVID KREITZER and JOHN
MURPHY,

        Defendants. :
_____x

# BRIEF in OPPOSITION to MOTION to
# DISMISS THIRD AMENDED COMPLAINT

ROBERT A. VORT
RAV 1105
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
rvort@vortlaw.com

# TABLE OF CONTENTS OF BRIEF

Point I:   Global has pleaded fraud with sufficient
           particularity. . . . . . . . . . . . . . . . . . .1

Point II: This is a fraud claim. . . . . . . . . . . . . .9

Point III:Global adequately pleaded its injury . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES CITED

## Statute Cited

28 U.S.C. §1332(a)(1). . . . . . . . . . . . . . . . . . .1

## Court Rules Cited

Fed.R.Civ.P. 8(a). . . . . . 1, 4, 10

Fed.R.Civ.P. 8(a)(2) . . . . . . . . . . . . . . . . . . .1

Fed.R.Civ.P. 9(b). . . . . . . . . . . . . . . 1, 2, 3,4, 5

Fed.R.Civ.P. 12(b)(6). . . . . . . . . . . . . . . . . . .1

Fed.R.Civ.P. 26(f) . . . . . . . . . . . . . . . . . . . .6

## Cases Cited

Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995) . . . 3, 4

Beverly Hills Concepts, Inc. v. Schatz and Schatz,
     Ribicoff and Kotkin, 247 Conn. 48, 717 A.2d 724 (1998). . .8

Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,
     117 F.3D 655 (2d Cir. 1997) . . . . . . . . . . . . . . .2

Cosmas v. Hassett, 886 F.2d 8 (2d Cir. 1989) . . . . . . . . .4

DiVittorio v. Equidyne Extractive Industries, Inc.,
     822 F.2d 1242 (2d Cir. 1987). . . . . . . . . . . . . . .4

In re Colonial Ltd. Partnership Litigation, 854 F.Supp.
     64 (D.Conn. 1994) . . . . . . . . . . . . . . . . . . . .1

In re Initial Public Offering Securities Litigation,
     241 F.Supp.2d 281 (S.D.N.Y. 2003) . . . . . . . . . . . .4

Independent Energy Corp. v. Trigen Energy Corp.,
    944 F.Supp. 1184 (S.D.N.Y. 1995). . . . . . . . . . . . .2

International Telepassport Corporation v. USFI, Inc.,
    89 F.3d 82 (2d Cir. 1996) . . . . . . . . . . . . . . . .7

Kenford Co., Inc. v. County of Erie, 67 N.Y.2d 257,
    493 N.E.2d 234, 502 N.Y.S.2d 131 (1986) . . . . . . . . .7

Shields v. Citytrust Bancorp., Inc., 25 F.3d 1124
    (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . 3, 4

Sira v. Morton, 380 F.3d 57 (2d Cir. 2004) . . . . . . . . . .4

Skydell v. Ares-Serono S. A., 892 F.Supp. 498 (S.D.N.Y. 1995). .2

S.O.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.,
    84 F.3d 629 (2d Cir. 1996). . . . . . . . . . . . . . . .1

Stack v. Lobo, 903 F.Supp. 1361 (N.D.Calif. 1995). . . . . . .4

Woodford v. Community Action Agency of Greene County,
    Inc., 239 F.3d 517 (2d Cir. 2001) . . . . . . . . . . . .4

Xethanol Corporation moves to dismiss the third amended complaint pursuant to Fed.R.Civ.P. 8(a), 9(b) and 12(b)(6).  For the reasons stated in this memorandum, plaintiff Global Energy and Management, LLC submits that the Court should deny the motion.

### POINT I

### GLOBAL HAS PLEADED FRAUD WITH SUFFICIENT PARTICULARITY.

Although it is sufficient generally for a plaintiff to simply plead a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), allegations of fraud "shall be stated with particularity," Fed.R.Civ.P. 9(b).

Plaintiff invokes subject matter jurisdiction grounded in diversity of citizenship, 28 U.S.C. §1332(a)(1); it is a Connecticut limited liability company all members of which are Connecticut citizens.  Xethanol is a Delaware corporation whose principal place of business is in New York.  The complaint pleads on information and belief that none of the individual defendants is a Connecticut citizen.  It is unclear if New York law or Connecticut law governs but, regardless, the elements of fraud are identical: a misrepresentation of a material fact made with knowledge that the statement is false, made with the intent that the plaintiff rely on the false statement and detrimental reliance by the plaintiff, S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996)(New York law), In re Colonial Ltd. Partnership Litigation, 854 F.Supp. 64, 101 (D.Conn.

1994)(Connecticut law).

Rule 9(b) requires that the complaint identify the person(s) making the misrepresentations and that it state the time, place and circumstances of the alleged misrepresentations, <u>e.g.</u>, <u>Independent Energy Corp. v. Trigen Energy Corp.</u>, 944 F.Supp. 1184, 1198-99 (S.D.N.Y. 1996), <u>Skydell v. Ares-Serono S.A.</u>, 892 F.Supp. 498, 501-02 (S.D.N.Y. 1995). Rule 9(b) expressly permits a plaintiff to plead generally allegations of "malice, intent, knowledge and other condition of mind."

Global submits that the third amended complaint adequately pleads the defendants' fraud. This is pleaded generally in the introductory paragraph of paragraph 10 and, more specifically, in paragraphs 10(a) through 10(h). These paragraphs identify the individuals who made the statements, the dates on which they made the statements and the contents of the statements [¶¶10(d), 10 (f), 10(g), 10(h)]. Some statements were made not by individuals but in a documents published by Xethanol without attribution to individuals [¶¶10(a), 10(b), 10(c), 10(e), 10(f)].

The defendants represented that they had the technology to produce ethanol in a commercially feasible manner from garbage and other specified substances. In fact, defendants had no such technology. To borrow from Xethanol's moving brief, these representations do "give rise to a strong inference of fraudulent intent," (Brief at 4, quoting <u>Campaniello Imports, Ltd. v. Saporiti</u>

Italia S.p.A., 117 F.3d 655, 663 (2d Cir. 1997) in turn quoting from Shields v. Citytrust Bancorp., Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Xethanol uses this quote to bolster its argument that Global had to plead with specificity a) that Xethanol had the requisite bad intent and b) that Global relied on Xethanol's representations.

As noted supra, Rule 9(b) does not require that matters of intent or reliance be pleaded with specificity. Acito v. IMCERA Group, Inc., 47 F.3d 47 (2d Cir. 1995), cited by Xethanol at page 6, does not (and cannot) contradict the Rule. Acito construed the rule to require that a plaintiff either plead facts showing that defendants had both motive and opportunity to commit fraud or showing that there was strong circumstantial evidence of conscious misbehavior or recklessness on the part of the defendant, 47 F.3d at 52. The

The third amended complaint pleads both prongs. The brochure, press releases and SEC filing demonstrate that defendant was trying to create a market for a product that had not existed based upon a brand new proprietary technology. The statements of the individual defendants boasted of Xethanol's ability to convert garbage into ethanol, a 21st century alchemy. In a nation with a seemingly insatiable appetite for energy, defendants had both motive and opportunity for fraud. The statements promised the ability to do something that had not been done before, not

just to recycle garbage but to convert it into energy, the 21st century equivalent of gold.  By any standard, these statements satisfy both prongs of <u>Acito</u>.

Xethanol would require that plaintiff plead why the statements were false or prove the technology that Xethanol in fact had.  The statements were false because Xethanol did not have the technology it claimed to have.  Rule 9(b) does not and is not intended to require that a plaintiff set forth in detail the evidence supporting its claim, <u>Woodford v. Community Action Agency of Greene County, Inc.</u>, 239 F.3d 517, 526 (2d Cir. 2001), <u>Stack v. Lobo</u>, 903 F.Supp. 1361, 1367 (N.D.Calif. 1995).[1]

The Court must construe 9(b) in the context of Rule 8(a), <u>DiVittorio v. Equidyne Extractive Industries, Inc.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987), <u>In re Initial Public Offering Securities Litigation</u>, 241 F.Supp.2d 281, 327 n.47 (S.D.N.Y. 2003).  Rule 9(b) is intended only to provide fair notice to a defendant of the plaintiff's claim, to protect a defendant from improvident charges of wrongdoing and to reduce the number of strike suits, <u>DiVittorio</u>, <u>supra</u>, <u>Shields v. Citytrust Bancorp, Inc.</u>, <u>supra</u> at 1128.  In <u>Initial Public Offering</u>, the Court said:

---

[1]Xethanol attached a copy of its Form 8(K) to the certification of Katherine Harrison.  Despite the quotations in the amended complaint, the Court may not consider the 8(K) in connection with this motion, <u>Sira v. Morton</u>, 380 F.3d 57, 67 (2d Cir. 2004), <u>Cosmas v. Hassett</u>, 886 F.2d 8, 13 (2d Cir. 1989).

The application of Rule 9(b), however, must not abrogate the concept of notice pleading (quotation marks and citation omitted); Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989)("We recognize that the policy of simplicity in pleadings which underlies the Federal Rules of Civil Procedure requires a court to read Rule 9(b)'s requirements in harmony with Rule 8's call for a 'short and plain statement of the claim'")(citation omitted); Michaels Bldg. Co. v. Ameritrust Co., 848 F.2d 674, 679 (6th Cir. 1988)("In ruling upon a motion to dismiss under Rule 9(b). . .a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8. . . .[T]he two rules must be read in harmony."); Friedlander v. Nims, 755 F.2d 810, 813 n.3 (11th Cir. 1985)("Rule 9(b) must not be read to abrogate rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading."); Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984) ("[F]ocusing exclusively on [Rule 9(b)'s] 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'")(citations omitted). 281 F.Supp.2d at 327 n.47

Global respectfully submits that the third amended complaint satisfies Rule 9(b), and that this Court should deny Xethanol's motion to dismiss.

Plaintiff acknowledges that paragraph 9 refers to Thomas Endres, David Kreitzer and John Murphy. These people are not named in the caption as defendants. Plaintiff seeks no relief against any of them. They had been joined as defendants in the second amended complaint and were omitted from the caption in the third amended complaint; the inclusion of their names within pa-

ragraph 9 was error.  Plaintiff tendered to Xethanol counsel a
stipulation dismissing the claims against these three defendants
by letter dated June 24, 2008, [Vort declaration, Exhibit A].
Counsel declined to stipulate.  Defendant is also correct that
the third amended complaint pleads no specific representations as
to defendants Ames and Bernstein; Global will dismiss as to them.

However, contrary to the statement at page 3 of Xethanol's
brief, the complaint identifies statements made by the other in-
dividuals.  See paragraph 10(b), (d), (f), (g) and (h) as to
Christopher D'Arnaud-Taylor, paragraph 10 (d), (g) and (h) as to
Jeffery Langberg, paragraph 10(g) and (h) as to Lawrence S. Bel-
lone and as to Robin Buller.[2]

Xethanol asserts that the statements of Bellone and Buller,
even if made, do not rise to the level at which they can consti-
tute a fraudulent misrepresentation.  Paragraph 10(h) pleads that
they falsely stated that Xethanol had technology with which to
engage in the cellulosic production of ethanol on a commercially
profitable basis.  Paragraph 10(g) states that they independently
confirmed their belief that the Xethanol technology for convert-
ing garbage to ethanol was feasible.  That is not a mere promis-
sory statement; it is an affirmative representation of existing

_____

[2]Plaintiff has not served the individual defendants.  We do
not know their addresses, and we served interrogatories on Xetha-
nol counsel to locate them.  Xethanol declined to answer interro-
gatories in advance of a 26(f) conference.

technology intended to persuade Global to invest $250,000 into the marketing of that technology.  Paragraph 10(g) also pleads that Bellone and Buller were silent in the face of fraudulent misrepresentations made by D'Arnaud-Taylor and by Langberg.  The silence of Bellone and Buller, standing without any affirmative misrepresentation, constitutes a fraudulent concealment.

Paragraphs 10(a) and (e) refer to statements made in the name of the corporation.  Plaintiff does not know to what individual(s) these statements can be attributed.  The statement was made by Xethanol and it, as an entity, should be charged with the responsibility for false statements made by it.  If the law were otherwise, individuals could simply hide behind the corporate identity and no one would be responsible for misrepresentations made in corporate name.

Xethanol claims that the decrease in Global's damage demand reflects a lack of merit to the claim.  It does not.  It reflects an abandonment of Global's claim for lost profits and an attempt to recover only the amount of Global's $250,000.  Global's abandonment of its claim for lost profits is not an acknowledgment that Global cannot recover lost profits.  It reflects only an acknowledgment of the difficulty of projecting lost profits with any degree of confidence.[3]

_____

[3]Global can recover lost profits under New York law, <u>Kenford Co., Inc. v. County of Erie</u>, 67 N.Y.2d 257, 261, 493 N.E.2d 234, 235, 502 N.Y.S.2d 131, 132 (1986), <u>International Telepassport</u>

For the preceding reasons, the complaint adequately pleads a claim of fraud against Xethanol, D'Arnaud-Taylor, Langberg, Bellone and Buller, and the Court should deny the motion to dismiss as to them.

_____

Corporation v. USFI, Inc., 89 F.3d 82, 85-86 (2d Cir. 1996), and under Connecticut law, Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin, 247 Conn. 48, 63-65, 717 A.2d 724, 733-34 (1998).

## POINT II

## THIS IS A FRAUD CLAIM.

Global invested $250,000 into a joint venture with Xethanol. Global invested this money on the strength of statements made by D'Arnaud-Taylor, Langberg, Bellone and Buller and, by some person or persons hiding behind the corporate identity, to the effect that Xethanol had existing technology with which to convert garbage into ethanol. If Global had not received its percentage interest in New England Xethanol, it could sue for breach of contract. However, Global did receive its interest in New England Xethanol.

If Xethanol did not transfer the technology to New England Xethanol, then New England Xethanol could have a breach of contract claim against Xethanol, but Global would not have standing to maintain that claim.

This action is about the statements made by Xethanol and its officers to Lee Tyrol and other representatives of Global to the effect that Xethanol had technology with which it could convert garbage into ethanol in a commercially profitable manner. Those statements were false. The statements were made to induce Global to invest money into New England Xethanol, and they did. That is a fraud claim.

Global is not trying to convert a breach of contract claim into a fraud claim just by pleading that defendants did not in-

tend to satisfy Xethanol's obligations.  The complaint pleads that the statements were false when made and known to the defendants to be false when made (Complaint ¶¶11, 12).  That is not a breach of contract claim; it is a fraud claim.

The Court should deny Xethanol's motion to dismiss.

## POINT III

### GLOBAL ADEQUATELY PLEADED ITS INJURY.

Xethanol acknowledges that Rule 8(a) governs the specificity of allegations of loss.  Paragraph 13 pleads that Global invested $250,000 into New England Xethanol in reliance on the false representations of the defendants.  Global lost that $250,000; it is not seeking consequential damages only the direct damage of the $250,000.  If it is not explicit that Global lost the $250,000, it is implicit within the context of the allegations.  If Xethanol wishes to contest this loss or the quantum of loss, it may engage in pretrial discovery, but it is not entitled to a dismissal at this time.

### CONCLUSION

For the reasons stated in this memorandum or for any of them, this Court should dismiss the complaint as to defendants Ames, Bernstein, Endres, Kreitzer and Murphy.  It should deny the motion as to all other defendants.

Respectfully submitted,

Dated: July 17, 2008                    Robert A. Vort

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**GLOBAL ENERGY AND MANAGEMENT,** :
**LLC**, a limited liability com-
pany of Connecticut,                     :

                    Plaintiff,        07 Civ. **11049 NRB**

          -vs-                           :

**XETHANOL CORPORATION, CHRISTO-**:
**PHER D'ARNAUD-TAYLOR, JEFFERY**
**LANGBERG, LAWRENCE S. BELLONE,**:
**LOUIS B. BERNSTEIN, DAVID AMES,**
**THOMAS J. ENDRES, ROBIN BUL-**  :
**LER, DAVID KREITZER** and **JOHN**
**MURPHY,**                              :

                    Defendants. :
_____x

### CERTIFICATION OF ROBERT A. VORT IN
### OPPOSITION TO MOTION TO DISMISS
### THIRD AMENDED COMPLAINT

STATE OF NEW JERSEY)
                    S.S.
   COUNTY OF BERGEN)

ROBERT A. VORT declares as follows:

      1.   I am a member of the bar of this Court.  I represent
plaintiff in this action.  I submit this certification in opposi-
tion to Xethanol's motion to dismiss the third amended complaint
in this action.

      2.   On June 24, 2008 I tendered to Xethanol counsel a sti-
pulation and order dismissing this action pursuant to Fed.R.Civ.
P. 41(a)(2) as to defendants Endres, Kreitzer and Murphy.  Coun-
sel declined to sign it.  A copy of the letter of transmittal and

of the proposed stipulation and order are attached to this declaration as Exhibit A.

3.    Global will consent to a dismissal of this action as to those defendants and also as to defendants Ames and Bernstein.

4.    Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 17, 2008.

_____
Robert A. Vort
Attorney for Plaintiff
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
201-342-9504 fax
rvort@vortlaw.com

# EXHIBIT A

# ROBERT A. VORT, LLC

www.vortlaw.com

**Robert A. Vort**
Certified Civil Trial Attorney

**Karin R. White Morgen**

2 University Plaza, Suite 200
Hackensack, New Jersey 07601
Telephone: 201-342-9501
Facsimile:  201-342-9504

---

June 24, 2008

Katherine B. Harrison, Esq.
Paduano & Weintraub, LLP
Ninth Floor
1251 Avenue of the Americas
New York, New York 10020

Re: Global Energy v. Xethanol
07 Civ 11049 NRB

Dear Ms. Harrison:

I enclose a stipulation of dismissal as to defendants En-
ders, Kreitzer and Murphy.  Please affix your signature and ei-
ther return to me for filing or submit to the Court with a copy
to me.

Very truly yours,

Robert A. Vort

RAV:bap
enclosure
by Federal Express
cc:  Global Energy & Management, LLC
      07-160

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**GLOBAL ENERGY AND MANAGEMENT,** :
**LLC,** a limited liability com- :
pany of Connecticut, :

            Plaintiff,             07 Civ. **11049 NRB**

      -vs-          :

**XETHANOL CORPORATION, CHRISTO-**:
**PHER D'ARNAUD-TAYLOR, JEFFERY**
**LANGBERG, LAWRENCE S. BELLONE,**:
**LOUIS B. BERNSTEIN, DAVID AMES,**
**ROBIN BULLER,**           :

           Defendants. :
_____x

**STIPULATION AND ORDER OF DISMISSAL**
**AS TO DEFENDANTS AMES, BERNSTEIN,**
**BULLER, ENDRES, KREITZER and MURPHY**

     Pursuant to Fed.R.Civ.P. 41(a)(2), Global Energy and Management, LLC, dismisses this action as to defendants Endres, Kreitzer and Murphy.

    ROBERT A. VORT, LLC         PADUANO & WEINTRAUB, LLP

_____        _____
    Robert A. Vort            Katherine Harrison
 Attorney for Plaintiff       Attorneys for Defendants
  2 University Plaza       1251 Avenue of the Americas
Hackensack, New Jersey 07601    New York, New York 10020
   201-342-9501             212-785-9100
   201-342-9504 fax          212-785-9099

    So ordered

_____
 NAOMI R. BUCHWALD, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**GLOBAL ENERGY AND MANAGEMENT,** :
**LLC,** a limited liability com-
pany of Connecticut,              :

             Plaintiff,                    07 Civ. **11049 NRB**

      -vs-                     :

**XETHANOL CORPORATION, CHRISTO-**:
**PHER D'ARNAUD-TAYLOR, JEFFERY**
**LANGBERG, LAWRENCE S. BELLONE,**:
**LOUIS B. BERNSTEIN, DAVID AMES,**
**THOMAS J. ENDRES, ROBIN BUL-**  :
**LER, DAVID KREITZER** and **JOHN**
**MURPHY,**

             Defendants. :
_____x

**PROOF OF SERVICE**

STATE OF NEW JERSEY)
                S.S.
   COUNTY OF BERGEN)

BARBARA A. PENNINO declares as follows:

    1.    I am employed by Robert A. Vort, LLC, counsel to

plaintiff in this action.

    2.    On Thursday, July 17, 2008, I served a copy of a) a

declaration of Robert A. Vort in opposition to Xethanol's motion

to dismiss, b) a brief in opposition to the motion and c) this

proof of service by Federal Express to:

           Katherine B. Harrison Esq.
           Paduano & Weintraub, LLP
           Ninth Floor
           1251 Avenue of the Americas
           New York, New York 10020
           Attorneys for Xethanol Corporation

3.     Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury that the foregoing is true and correct.   Executed on July 17, 2008.

Barbara A. Pennino