Anthony Paduano (AP 8400)
Katherine B. Harrison (KH 9745)
Kathryn L. Bedke (KB 7855)
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100
Attorneys for Defendant
Xethanol Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GLOBAL ENERGY AND MANAGEMENT, LLC,    :

                        Plaintiff,    :

            -against-           :      No. 07-CV-11049 (NRB)

                                      :

XETHANOL CORPORATION, CHRISTOPHER
D'ARNAUD-TAYLOR, JEFFERY LANGBERG,    :
LAWRENCE S. BELLONE, LOUIS B. BERNSTEIN,
DAVID AMES, and ROBIN BULLER,    :

                    Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REPLY MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF THE MOTION OF DEFENDANT XETHANOL
## CORPORATION TO DISMISS THE THIRD AMENDED COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ................................................................................................... 3

I. GLOBAL ADMITS THAT MOST OF ITS PLEADING IS DEFICIENT AND
   FAILS TO STATE A VALID CLAIM ............................................................ 3

II. GLOBAL HAS NOT PLED FRAUD WITH SUFFICIENT PARTICULARITY ............. 5

III. GLOBAL'S CONTORTED CONTRACT CLAIM DOES NOT STATE A CLAIM
    FOR FRAUD ............................................................................................ 8

IV. GLOBAL HAS NOT ALLEGED LOSS CAUSATION ......................................... 9

CONCLUSION ............................................................................................... 10

## TABLE OF AUTHORITIES

## FEDERAL CASES

Acito v. IMCERA Group, Inc.,
47 F.3d 47 (2d Cir. 1995) ........................................................................ 7, 8

Armstrong v. McAlpin,
699 F.2d 79 (2d Cir. 1983) .......................................................................3n

Basso Securities Ltd. v. Interstate Bakeries Corp.,
No. Civ. 3:01CV575(PCD), 2002 WL 32255352 (D. Conn. Jan. 18, 2002) ......... 7

Bavaria Int'l Aircraft Leasing GmbH v. Clayton, Dubilier & Rice, Inc.,
No. 03 Civ. 0377(NRB), 2003 WL 21767739 (S.D.N.Y. July 30, 2003).............4n

Cannon v. Douglas Elliman, LLC,
No. 06 Civ. 7092(NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ............... 9

Collier v. Aksys Ltd.,
No. 3:04CV1232(MRK), 2005 WL 1949868 (D. Conn. Aug. 15, 2005). ............3n

Congress Financial Corp. v. John Morrell & Co.,
790 F. Supp. 459 (S.D.N.Y. 1992)............................................................... 4

De Jesus v. Sears, Roebuck & Co., Inc.,
87 F.3d 65 (2d Cir.), cert. denied, 519 U.S. 1007 (1996)................................3n

DiVittorio v. Equidyne Extractive Industries, Inc.,
822 F.2d 1242 (2d Cir. 1987) .................................................................... 5

Independent Energy Corp. v. Trigen Energy Corp.,
944 F. Supp. 1184 (S.D.N.Y. 1996)............................................................. 6

Initial Public Offering Securities Litigation,
241 F. Supp.2d 281, (S.D.N.Y. 2003) .....................................................5, 5n

Matsumura v. Benihana Nat'l Corp.,
542 F. Supp.2d 245 (S.D.N.Y. 2008). ......................................................... 5

Mushahada Int'l USA, Inc. v. Access Point, Inc.,
No. 04 CV 5270(ARR), 2005 WL 1421620 (E.D.N.Y. June 17, 2005) ................ 4

Novak v. Kasaks,
216 F.3d 300 (2d Cir.), cert. denied, 531 U.S. 1012 (2000) ............................. 7

Ross v. ZVI Trading Corp. Employees' Money Purchase Pension Plan,
511 U.S. 1017 (1994) ..................................................................................... 7

Shields v. Citytrust Bancorp, Inc.,
25 F.3d 1124 (2d Cir. 1994) ...................................................................... 7, 8

Stack v. Lobo,
903 F. Supp. 1361 (N.D. Cal. 1995) ...........................................................7n

Time Warner Inc. Securities Litigation,
9 F.3d 259 (2d Cir. 1993) .............................................................................. 7

U.S. v. Sikorsky Aircraft Corp.,
No. Civ.3:99CV1026(JBA), 2005 WL 1925903 (D. Conn. Aug. 11, 2005) .......... 7

Woodford v. Community Action Agency of Green County, Inc.,
239 F.3d 517 (2d Cir. 2001) .......................................................................7n

World Wide Communications, Inc. v. Rozar,
No. 96 Civ. 1056(MBM)(NRB), 1997 WL 795750 (S.D.N.Y. Dec. 30, 1997).......4n

## STATE CASES

New York University v. Continental Ins. Co.,
87 N.Y.2d 308 N.Y.S.2d 283 (1995) ............................................................. 9

## RULES AND STATUTES

Fed. R. Civ. P. 9(b)..........................................................................2, 5, 5n, 6

Fed. R. Civ. P. 11(b)(3) ................................................................................. 6

iii

Anthony Paduano (AP 8400)
Katherine B. Harrison (KH 9745)
Kathryn L. Bedke (KB 7855)
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100
Attorneys for Defendant
Xethanol Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

GLOBAL ENERGY AND MANAGEMENT, LLC,    :

                        Plaintiff,    :

              -against-    :      No. 07-CV-11049 (NRB)

                              :

XETHANOL CORPORATION, CHRISTOPHER
D'ARNAUD-TAYLOR, JEFFERY LANGBERG,    :
LAWRENCE S. BELLONE, LOUIS B. BERNSTEIN,
DAVID AMES, and ROBIN BULLER,    :

                  Defendants.    :

------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF DEFENDANT XETHANOL CORPORATION TO DISMISS THE THIRD AMENDED COMPLAINT

Defendant Xethanol Corporation ("Xethanol") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss the Third Amended Complaint pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

As the docket for this case indicates, the Third Amended Complaint is the fifth attempt by plaintiff Global Energy and Management, LLC ("Global") to allege some kind of claim against Xethanol and its current and former officers, directors and

employees.    After reviewing the Second Amended Complaint and Xethanol's letter requesting leave for the instant motion, the Court allowed Global a final opportunity to amend its complaint but emphasized that Global "should not anticipate being granted a further opportunity to amend" if the Court found "merit in some or all of [Xethanol's] arguments."[1]    Global accepted the Court's offer and filed its Third Amended Complaint. In response to Xethanol's moving papers, Global admits that the Third Amended Complaint still cannot stand as is: Global admits it has no claim against five of the ten defendants and offers to dismiss them out of the case.    Thus, Global seeks to continue to try to "fix" its totally inadequate complaint a little at a time with further amendments. The Court already has proscribed further pleading experiments by Global and should not entertain them now.

Even aside from the additional amendments to its pleading that Global desires, it still fails to plead fraud with the particularity required under Rule 9(b) and well-established case law which Xethanol cited in its moving papers.    Global also continues to conflate and confuse the law governing fraud claims and that pertaining to contract claims, still trying to make a viable fraud claim out of an admittedly invalid contract claim.    Finally, Global has not alleged loss causation in accordance with Second Circuit requirements.

Global has squandered five opportunities to draft its complaint and still has not stated a claim.    Enough is enough.    The Third Amended Complaint should be dismissed with prejudice.

―――――――――――――――――――

[1]    See Letter Order dated May 1, 2008 (attached as Exhibit A to the Affidavit of Katherine B. Harrison ("Harrison Aff.") submitted with Xethanol's moving papers).

2

## ARGUMENT

### I.

### GLOBAL ADMITS THAT MOST OF ITS PLEADING IS DEFICIENT AND FAILS TO STATE A VALID CLAIM

In response to the Court's Letter Order, Global was supposed to draft its final bullet-proof complaint and then defend it. Instead, it runs from most of its own pleading and seeks leave to fix the rest of it.

Global admits it has no claim at all against five of the defendants:

> Plaintiff acknowledges that paragraph 9 refers to Thomas Endres, David Kreitzer and John Murphy. These people are not named in the caption as defendants. <u>Plaintiff seeks no relief against any of them</u>. They had been joined as defendants in the second amended complaint and were omitted from the caption in the third amended complaint; the inclusion of their names within paragraph 9 was error. Plaintiff tendered to Xethanol counsel a stipulation dismissing the claims against these three defendants by letter dated June 24, 2008, [Vort declaration, Exhibit A]. Counsel declined to stipulate.[2] <u>Defendant is also correct that the third amended complaint pleads no specific representations as to defendants Ames and Bernstein; Global will dismiss as to them</u>.

(Global Br. at 5-6) (emphasis added) So, Global seeks to amend its Third Amended Complaint to drop five defendants outright.

_____

[2]    There was little reason for Xethanol to accept Global's proposed stipulation, which would have dismissed certain defendants without prejudice and would have allowed Global another amendment to its complaint. As Global expressly admits it has no claim against five defendants, at this juncture the whole pleading should be dismissed with prejudice. It is not an abuse of the Court's discretion to refuse to give Global a sixth chance to replead its complaint. <u>See</u>, <u>e.g.</u>, <u>De Jesus v. Sears, Roebuck & Co., Inc.</u>, 87 F.3d 65, 71-72 (2d Cir.), <u>cert.</u> <u>denied</u>, 519 U.S. 1007 (1996); <u>Armstrong v. McAlpin</u>, 699 F.2d 79, 93-94 (2d Cir. 1983); <u>Collier v. Aksys Ltd.</u>, No. 3:04CV1232(MRK), 2005 WL 1949868 *18 (D. Conn. Aug. 15, 2005).

3

With respect to two other defendants, Global essentially seeks to amend the Third Amended Complaint to add a new claim for "fraudulent concealment." In its brief, Global alleges for the first time that "[t]he silence of Bellone and Buller, standing without any affirmative misrepresentation, constitutes fraudulent concealment." (Global Br. at 7) Fraud and fraudulent concealment are separate causes of action, Mushahada Int'l USA, Inc. v. Access Point, Inc., No. 04 CV 5270(ARR), 2005 WL 1421620 *3 (E.D.N.Y. June 17, 2005) (Ross, J.), quoting Congress Financial Corp. v. John Morrell & Co., 790 F. Supp. 459, 469 (S.D.N.Y. 1992), the elements of which Global has not alleged.[3]

The Third Amended Complaint seeks "Global's lost profits from New England Xethanol in such amount as the evidence shall prove." (Compl. at 7) Global's brief concedes, however, its "abandonment of its claim for lost profits" based on their highly speculative nature. (Global Br. at 7) Global also has admitted that the relationship of Global and Xethanol is grounded in contract but concedes that Global has no valid contract claim against Xethanol. (Id. at 9) Finally, Global acknowledges that its claimed loss of $250,000 (reduced from the original $10,000,000) may only be "implicit with the context of the allegations." (Id. at 11)

---

[3]    For fraudulent concealment, Global "'must. . . allege a duty to disclose. . . and similarly, omissions of material fact rise to [a] level constituting fraud only where there is a duty to speak. . . [which] may arise if (1) there is a fiduciary relationship between the parties; (2) one party makes a partial or ambiguous statement that requires additional disclosure to avoid misleading the other party; or (3) one party to a transaction possesses superior knowledge of the facts not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge.'" Bavaria Int'l Aircraft Leasing GmbH v. Clayton, Dubilier & Rice, Inc., No. 03 Civ. 0377(NRB), 2003 WL 21767739 *6 (S.D.N.Y. July 30, 2003)(Buchwald, J.), citing World Wide Communications, Inc. v. Rozar, No. 96 Civ. 1056(MBM)(NRB), 1997 WL 795750 *5 (S.D.N.Y. Dec. 30, 1997)(Buchwald, J.). Global has made no such allegations.

Thus, before the Court even turns to Xethanol's arguments, Global has stripped away most of its own pleading. As is demonstrated below, what remains of the Third Amended Complaint simply cannot survive judicial scrutiny.

## II.

## GLOBAL HAS NOT PLED FRAUD WITH SUFFICIENT PARTICULARITY

Global downplays its deficient fraud claim by distorting the interplay between Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. (Global Br. at 1, 4-5) While Rule 9(b) must be read together with Rule 8(a), DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987), Rule 9(b) pleadings "shall be stated with particularity." Id. "[F]raud allegations ought to specify the time, place, speaker, and content of the alleged misrepresentations. Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." Id. (citations omitted); Matsumura v. Benihana Nat'l Corp., 542 F. Supp.2d 245, 251 (S.D.N.Y. 2008) (Buchwald, J.). Global omits the beginning of the footnote it quotes from Initial Public Offering Securities Litigation, 241 F. Supp.2d 281, 327 n.47 (S.D.N.Y. 2003)(Scheindlin, J.), which states:"'[T]he Federal Rules of Civil Procedure require a plaintiff to plead the circumstances constituting fraud. . . with particularity. We interpret this rule of pleading in harmony with the principles of notice pleading'" Id.[4]

---

[4]    The Court In Public Offering explained that the purpose of Rule 9(b) is to deter fraud claims:

> Rule 9(b) deters plaintiffs from filing fraud claims in
> two ways. *First*, by requiring plaintiffs to state their claim

Global confuses a plaintiff's right to plead generally allegations of intent and knowledge (Global Br. at 2, 3) with a plaintiff's obligation to "state with particularity the circumstances constituting fraud or mistake." See Fed. R. Civ. P. 9(b). "[A] plaintiff must 'state precisely what material misstatements were made, the time and place of each misstatement, the speaker, the content, the manner in which the statement was misleading, and what the defendants "obtained" as a result of the fraud.'" Independent Energy Corp. v. Trigen Energy Corp., 944 F. Supp. 1184, 1198-99 (S.D.N.Y. 1996) (citation omitted).

Global argues that the fraud attributable to "defendants" "is pleaded generally in the introductory paragraph of paragraph 10" (Global Br. at 2), the only paragraph in the complaint which purports to describe the misrepresentations at issue. In Paragraph 10, Global alleges that defendants made misrepresentations in "many telephone calls" and "innumerable meetings." (Compl. ¶ 10) But none of the subparagraphs discusses "telephone calls"; they mention only three meetings. Global admits that "[s]ome statements were made not by individuals but in a documents [sic] published by Xethanol without attribution to individuals," namely, ¶¶ 10(a)-(c), (d) and

---

with particularity, the Rule creates a disincentive to the filing of claims for an improper reason. . . .

*Second*, particularity increases the cost of filing the complaint by forcing a plaintiff to conduct a more substantial investigation of the grounds for her claim before bringing suit. Because "factual contentions [must] have evidentiary support," Fed. R. Civ. P. 11(b)(3), claims that are stated with particularity will necessarily require the plaintiffs to make inquiries that are more extensive than usual. . . .

241 F. Supp. at 326 (citations omitted; emphasis in original).

(f). (Global Br. at 2)[5]  "'[A]t a minimum, [. . . Rule 9(b) requires] that the plaintiff identify the speaker of the allegedly fraudulent statements.'  'No. . . cases sanction [] the pleading of fraud through completely unattributed statements, even when the plaintiff alleges . . . that the unattributed statement was made by an agent of the defendant.'"  Basso Securities Ltd. v. Interstate Bakeries Corp., No. Civ. 3:01CV575(PCD), 2002 WL 32255352 *3 (D. Conn. Jan. 18, 2002) citing In re Time Warner Inc. Securities Litigation, 9 F.3d 259, 265 (2d Cir. 1993), cert. denied, Ross v. ZVI Trading Corp. Employees' Money Purchase Pension Plan, 511 U.S. 1017 (1994).

Global complains that "Xethanol would require that plaintiff plead why the statements were false . . . ," (Global Br. at 4).  But that is the law.  Global must "'explain why the statements were fraudulent.'"  Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir.), cert. denied, 531 U.S. 1012 (2000), quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994); accord Acito v. IMCERA Group, Inc., 47 F.3d 47, 51 (2d Cir. 1995); U.S. v. Sikorsky Aircraft Corp., No. Civ.3:99CV1026(JBA), 2005 WL 1925903 *2 (D. Conn. Aug. 11, 2005).[6]

---

[5]    Global does not allege that Xethanol authored the magazine article referenced in subparagraph 10(f).  Nor does Global explain how it relied on the press releases, brochure or SEC filing – the statements in which Global admits it cannot attribute to anyone, except to "some person or persons hiding behind the corporate identity." (Global Br. at 9)

[6]    Global cites two cases to support its position that it is not required to explain the falsity of the statements. (Global Br. at 4)  One is inapposite, Woodford v. Community Action Agency of Green County, Inc., 239 F.3d 517 (2d Cir. 2001)(sexual harassment case with no allegation of fraud), and the other one is from outside this jurisdiction and supports Xethanol's position, Stack v. Lobo, 903 F. Supp. 1361, 1367 (N.D. Cal. 1995)(plaintiff must specifically identify what was misrepresented or concealed; general conclusory allegations of fraud and a list of neutral facts are insufficient).

7

Global must "allege facts that give rise to a strong inference of fraudulent intent. 'The requisite "strong inference" of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" Acito, 47 F.3d at 52 (citations omitted), citing Shields, 25 F.3d at 1128. Without making any attempt to satisfy the Second Circuit standards for pleading intent, Global substitutes its own conclusory judgment: "In a nation with a seemingly insatiable appetite for energy, defendants had both motive and opportunity for fraud. The statements promised the ability to do something that had not been done before, not just to recycle garbage but to convert it to energy, the 21st century equivalent of gold." (Global Br. at 3) Global's social commentary does not satisfy the Acito test. And, as described by Global, the statements "promised the ability to do something" in the future and for that reason also are not actionable. (See Xethanol Br. at 8)

As is noted above, Global admits it has no claims against five individual defendants and attempts to bring a new legal claim against two other individual defendants. With respect to the remaining individual defendants, Christopher D'Arnaud-Taylor and Jeffrey Langberg, Global refers to the paragraphs in which they are mentioned (Global Br. at 7), but does not refute Xethanol's analysis as to why their statements are not actionable. (See Xethanol Br. at 8-9)

### III.

### GLOBAL'S CONTORTED CONTRACT
### CLAIM DOES NOT STATE A CLAIM FOR FRAUD

Global admits that Xethanol and Global had a contractual relationship and concedes that Global has no viable contract claim against Xethanol because Global

received what it bargained for.  (Global Br. at 9)  Nonetheless, Global wants the money it allegedly invested in New England Xethanol, not money it lost.  "[W]here a party is merely seeking to enforce its bargain, a tort claim will not lie."  See New York University v. Continental Ins. Co., 87 N.Y.2d 308, 316, 639 N.Y.S.2d 283, 288 (1995); see also Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092(NRB), 2007 WL 4358456 *9 (S.D.N.Y. Dec. 10, 2007)(Buchwald, J.)(It is "'black letter law in New York that a claim for common law fraud will not lie if the claim is duplicative of a claim for breach of contract'"; exceptions to that rule do not apply.).  (See Xethanol Br. at 10-11)


## IV.

## GLOBAL HAS NOT ALLEGED LOSS CAUSATION

Global does not dispute that it must plead loss causation – how defendants' actions actually caused Global's injuries. (See Xethanol Br. at 11-12) The Third Amended Complaint alleges only that Global "invested $250,000 into NewEngland Xethanol." (Compl. ¶ 13)  Global essentially admits that "it is not explicit that Global lost the $250,000."   Rather, Global claims that "it is implicit within the context of the allegations" that it lost $250,000.  (Global Br. at 11)  Either Global lost the $250,000 or it did not, but the law requires that plaintiffs allege injury, i.e. not that they invested money but that they lost money.  Moreover, Global's bare and "implicit" allegations do not plead the crucial causal connection between the alleged fraud and Global's injury.  For this additional reason, the Third Amended Complaint should be dismissed.

9

## CONCLUSION

For the reasons discussed above, and in its moving papers, the Court should dismiss the Third Amended Complaint with prejudice.

Dated:  New York, New York
        July 30, 2008

Respectfully submitted,
PADUANO & WEINTRAUB LLP

By: _____
        Anthony Paduano (AP 8400)
        Katherine B. Harrison (KH 9745)
        Kathryn L. Bedke (KB 7855)

1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
212-785-9100

Attorneys for Defendant
Xethanol Corporation

10