UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**GLOBAL ENERGY AND MANAGEMENT,** :
**LLC,** a limited liability com-
pany of Connecticut,

        Plaintiff,             07 Civ. **11049 NRB**

      -vs-           :

**XETHANOL CORPORATION, CHRISTO-**:
**PHER D'ARNAUD-TAYLOR, JEFFERY**
**LANGBERG, LAWRENCE S. BELLONE,**:
**LOUIS B. BERNSTEIN, DAVID AMES,**
**THOMAS J. ENDRES, ROBIN BUL-**  :
**LER, DAVID KREITZER** and **JOHN**
**MURPHY,**

        Defendants. :
_____x

# BRIEF in OPPOSITION to MOTION
## for RULE 11 SANCTIONS

ROBERT A. VORT
RAV 1105
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
rvort@vortlaw.com

## TABLE OF CONTENTS OF BRIEF

Point I:   There is evidentiary support for Global's
           investment in New England Xethanol . . . . . . . . . .2

Point II: Global's claims are warranted by existing law. . . . .3

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . .8

## TABLE OF AUTHORITIES CITED

### Rules of Civil Procedure Cited

Fed.R.Civ.P. 9(b). . . . . . . . . . . . . . . . . . . . . . .6

Fed.R.Civ.P. 11. . . . . . . . . . . . . . . . . . .1, 2, 3, 4, 5

Fed.R.Civ.P. 11(b) . . . . . . . . . . . . . . . . . . . . 1, 3

### Rules of Evidence Cited

Fed.R.Evid. 601. . . . . . . . . . . . . . . . . . . . . . . .2

Fed.R.Evid. 602. . . . . . . . . . . . . . . . . . . . . . . .2

### Cases Cited

Airial v. Xethanol Corp., 2007 WL 2572088 (S.D.N.Y. 2007). . . .6

Bolden v. Morgan Stanley & Co., Inc., 765 F.Supp. 830
    (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . .4

Browning Avenue Realty Corp. v. Rosenshein, 142 F.R.D. 85
    (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . .3

Emergent Capital Investment Management, LLC v. Stonepath
    Group, Inc., 343 F.3d 189 (2d Cir. 2003). . . . . . . . . .7

Hunt v. Enzo Biochem, Inc., 530 F.Supp.2d 580 (S.D.N.Y. 2008). .7

Harlyn Sales Corp. Profit Sharing Plan v. Kemper Financial
    Services, Inc., 9 F.3d 1263 (7th Cir. 1993) . . . . . . . .4

In re Farhid, 171 B.R. 94 (N.D.Calif. 1994). . . . . . . . . . .4

In re Merrill Lynch Tyco Research Securities Litigation,
    2004 WL 305809 (S.D.N.Y. 2004). . . . . . . . . . . . .3, 4, 5

Krauth v. Executive Telecard, Ltd., 870 F.Supp. 543
    (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . .3

O & G Carriers, Inc. v. Smith, 799 F.Supp. 1528
    (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . .3

O'Brien v. Alexander, 101 F.3d 1479 (2d Cir. 1996) . . . . . 4, 5

Storey v. Cello Holdings, LLC, 347 F.3d 370 (2d Cir. 2003) . . .5

Team Obsolete Ltd. v. A.H.R.M.A., Ltd., 216 F.R.D. 29
    (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . .4

Tri-Tech Machinery Sales, Ltd. v. Artos Engineering Co.,
    928 F.Supp. 836 (E.D.Wis. 1996) . . . . . . . . . . . . . .4

Plaintiff Global Energy and Management, LLC and its attorney, Robert A. Vort, submit this brief in opposition to defendants' motion for Rule 11 sanctions. The motion is grounded on the claimed lack of an evidential foundation for the allegations pleaded in the complaint and on the asserted lack of legal foundation for the claim.

Analysis of the motion begins with the language of the rule. Fed.R.Civ.P. 11(b) states:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

I

## THERE IS EVIDENTIARY SUPPORT FOR GLOBAL'S INVESTMENT IN NEW ENGLAND XETHANOL.

Defendants' motion invokes subsections (2) and (3). They claim first that there is no evidentiary support for Global's factual contention that it invested $250,000 into New England Xethanol. This claim is based upon the affidavit of Franz A. Skyranz, assistant secretary of Xethanol. Skyranz bases his affidavit on his "personal knowledge and review of Xethanol's records." (Affidavit ¶1). Global's investment in New England Xethanol is not and would not be within the records of Xethanol.

Skyranz has no knowledge of the activities of New England Xethanol. His affidavit testimony is limited to the "best of my knowledge." He asserts no information on which to predicate any belief in the truth of his testimony. His affidavit is not admissible under Fed.R.Evid. 601 and 602..

To the contrary, upon receiving the "safe harbor" notice of this Rule 11 motion, Global's counsel submitted to Xethanol's attorneys bank statements of New England Xethanol reflecting deposits which total the $250,000 investment on June 20, 2006 and June 22, 2006. This letter is Exhibit A to the Vort declaration submitted in opposition to this motion and the bank records are authenticated in the Tyrol declaration also submitted in opposition to the motion.

If anything has been filed in bad faith and in violation of

Rule 11(b), it is this aspect of defendants' motion for sanc-
tions.  They had no basis for the initial accusation and, when
defendants' counsel received the bank records, they proceeded as
if they had never received them.

II

**GLOBAL'S CLAIMS ARE WARRANTED BY EXISTING LAW.**

Defendants' motion is also grounded in the asserted insuffi-
ciency of Global's complaint.  Rule 11 is directed at substantive
deficiencies, not pleading irregularities, <u>O & G Carriers, Inc.
v. Smith</u>, 799 F.Supp. 1528 (S.D.N.Y. 1992), <u>In re Merrill Lynch
Tyco Research Securities Litigation</u>, 2004 WL 305809 (S.D.N.Y.
2004).  These cases hold that Rule 11 sanctions for the failure
to have pleaded with Rule 9(b) particularity is "inappropriate,"
799 F. Supp. at 1544.  <u>See also</u>,, <u>Browning Avenue Realty Corp. v.
Rosenshein</u>, 142 F.R.D. 85, 91 (S.D.N.Y. 1992) (sanctions not war-
ranted even when pleading deficiencies not corrected by amended
complaint).  <u>Accord</u>, <u>Krauth v. Executive Telecard, Ltd.</u>, 870 F.
Supp. 543, 548-49 (S.D.N.Y. 1994).

Plaintiff's third amended complaint deleted the claim for
lost profits; it deleted the allegation of fraudulent statements
made after Global invested its $250,000.  Plaintiff tendered a
dismissal as to five individual defendants, a dismissal rejected
by defendants (Vort declaration ¶2).  Even if the Court agrees
that the third amended complaint is not sufficiently specific,

3

this case still does not warrant sanctions because plaintiff corrected the claimed improprieties before Xethanol moved for sanctions, Tri-Tech Machinery Sales, Ltd. v. Artos Engineering Co., 928 F.Supp. 836, 840 (E.D.Wis. 1996)(sanctions not warranted because claimed improprieties corrected within safe harbor period).

If the Court disagrees with plaintiff's position, it does not follow that plaintiff's third amended complaint is frivolous within the meaning of Fed.R.Civ.P. 11.  A pleading is frivolous if it is baseless in fact, baseless in law or filed with for an improper purpose, Bolden v. Morgan Stanley & Co., Inc., 765 F. Supp. 830, 834 (S.D.N.Y. 1991), In re Farhid, 171 B.R. 94, 96 (N. D.Calif. 1994).  This is a high burden; it must be clear under established precedent that there is no chance of success, In re Merrill Lynch Tyco Research Securities Litigation, supra at *5 citing O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996).

Just because the Court holds that the complaint does not plead a claim on which relief can be granted or holds that allegations of fact are not sufficiently specific does not mean that Rule 11 sanctions are appropriate, Team Obsolete Ltd. v. A.H.R.M. A., Ltd., 216 F.R.D. 29, 44 (E.D.N.Y. 2003) citing Harlyn Sales Corp. Profit Sharing Plan v. Kemper Financial Services, Inc., 9 F.3d 1263, 1270 (7th Cir. 1993).

"With regard to factual contentions, 'sanctions may not be imposed unless a particular allegation is utterly lacking in sup-

port,'" <u>O'Brien v. Alexander</u>, <u>supra</u> at 1489 quoted        approval

at <u>Storey v. Cello Holdings, LLC</u>, 347 F.3d 370, 388 (2d Cir.

2003).  The only factual allegation at issue on this motion is

the claim that Global invested $250,000 into New England Xetha-

nol, a claim reflected in the bank records of New England Xetha-

nol.  This claim cannot be frivolous by any standard although the

motion for sanctions grounded in it may itself be a frivolous mo-

tion intended "to harass, cause unnecessary delay, or needlessly

increase the cost of litigation."

   Mere pleading deficiencies do not trigger Rule 11.  See <u>In</u>

<u>re Merrill Lynch Tyco Research Securities Litigation</u>, <u>supra</u> in

which the Court held that a plaintiff investor had not adequately

pleaded loss causation or fraud with requisite particularity but

nevertheless denied a motion for sanctions.  In the words of

Judge Pollock:

> The Court finds no indication that Rule 11 sanc-
> tions are warranted.  There is no evidence that
> Plaintiff filed his Consolidated Amended Complaint
> for "an improper purpose" such as to harass defen-
> dants or to cause unnecessary delay.  Under the
> law of this Circuit, "[a]n argument constitutes a
> frivolous legal position for purposes of Rule 11
> sanctions if, under an objective standard of rea-
> sonableness, it is clear. . .that there is no
> chance of success and no reasonable argument to
> extend, modify or reverse the law as it stands."
> (Citation)  Although the Court finds. . .that
> Plaintiff's allegations of loss causation are in-
> sufficient, this does not mean that Plaintiff's
> claim is so unreasonable that it had absolutely
> "no chance" of success.
>
> Finally, as for Plaintiff's allegations and other

> factual contentions, the standard for holding that
> a particular allegation warrants sanctions is
> high.  See O'Brien v. Alexander, 101 F.3d 1479,
> 1489 (2d Cir. 1996)("[S]anctions may not be im-
> posed unless a particular allegation is utterly
> lacking in support.").  Even though the Court con-
> cludes that the Consolidated Amended Complaint
> warrants dismissal, the Court need not conclude
> that the factual allegations are so unreasonable
> as to warrant Rule 11 sanctions. Plaintiff's alle-
> gations and other factual contentions are not so
> weak as to warrant sanctions. 2004 WL 305809 at *5

Defendants' brief in support of the motion for sanctions re-
peats their arguments advanced in support of their Rule 9(b) mo-
tion.  Rather than "copy and paste" plaintiff's brief in opposi-
tion to the 9(b) motion and thereby subject the Court and its
staff to unnecessary redundancy, we simply refer the Court to
that brief.

In this case, as stated in Global's brief in opposition to
the 9(b) motion, the complaint specifies who said what to whom
when.  Lee Tyrol has verified those allegations.  He also testi-
fies that the documents issued in corporate name were given to
him to induce him and the other members of Global to invest in
New England Xethanol.  Xethanol has never denied these allega-
tions; we note also that it appears to have settled shareholder
litigation pleading similar claims, Airial v. Xethanol Corp. et
al., 06 Civ. 10234.[1]  A copy of the docket sheet and of Judge

---

[1]Other related cases consolidated with Airial bear docket
numbers 06 civ 11477, 06 civ 11516, 06 civ 13128,, 06 civ 14448,
06 civ 15176 and 07 civ 991.  Other related docket numbers are 06
civ 15536 and 07 civ 1394.

Baer's opinion and order denying Xethanol's 9(b) motion in that case are attached to this brief. Noteworthy, the Court rejected the claim that the plaintiffs had not pleaded loss causation with sufficient specificity, 2007 WL 2572088 (S.D.N.Y. 2007).

Defendants argue that plaintiff did not plead loss causation with specificity. "Loss causation" is an element of a claim for violation of the federal securities laws. It is analogous to the concept of proximate causation in a common law fraud case, Emergent Capital Investment Management, LLC v. Stonepath Group, Inc., 343 F.3d 189, 197 (2d Cir. 2003). It is sufficient if the complaint pleads facts from which the Court can infer the causal link between the misrepresentations pleaded and the loss incurred, Hunt v. Enzo Biochem, Inc., 530 F.Supp.2d 580, 593-94 (S.D.N.Y. 2008). The allegations of paragraphs 11, 12 and 13 make this link:

> 11.  The representations made by defendants to Tyrol and the other Global representatives were false and known by defendants to be false when they were made.
>
> 12.  Defendants made their representations in order to induce plaintiff to rely on them.
>
> 13.  Global relied on the representations of defendants to its detriment and, in reliance on their representations, invested $250,000 into New England Xethanol, a limited liability company formed by Global and by Xethanol to engage in the biomass to bio-fuels business.

**CONCLUSION**

For the reasons stated in this memorandum, defendants have not established that Rule 11 sanctions are warranted.  There is evidential foundation for the allegations pleaded, and the third amended complaint is set forth with sufficient particularity both as to the details of the misrepresentations and as to loss causation.  The Court should deny both the motion to dismiss for lack of 9(b) sufficiency and the motion for rule 11 sanctions.

Respectfully submitted,

Dated: August 20, 2008                    Robert A. Vort

**EXHIBIT A**

CLOSED, ECF, LEAD

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:06-cv-10234-HB

| | |
|---|---|
| In Re Xethanol Corporation Securities Litigation | Date Filed: 10/23/2006 |
| Assigned to: Judge Harold Baer | Date Terminated: 12/12/2007 |
| Member case: (View Member Case) | Jury Demand: Plaintiff |
| Related Cases: 1:06-cv-13128-HB | Nature of Suit: 850 |
| 1:06-cv-11477-HB | Securities/Commodities |
| 1:07-cv-00991-HB | Jurisdiction: Federal Question |
| 1:06-cv-11516-HB | |
| 1:06-cv-14448-HB | |
| 1:06-cv-15176-HB | |
| Cause: 15:78m(a) Securities Exchange Act | |

**Lead Plaintiff**

**The Counsell Group**               represented by **Glen A. Woods**
                                      Kahn, Gauthier, Swick, L.L.C.
                                      650 Poydras Street
                                      Suite 2150
                                      New Orleans, LA 70130
                                      (504) 455-1400
                                      Fax: (504) 455-1498
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Kim Elaine Miller**
                                      Kahn Gauthier Swick, LLC
                                      12 East 41st Street
                                      12th Floor
                                      New York, NY 10017
                                      (212) 696-3730
                                      Fax: (504) 455-1498
                                      Email: kimmiller225@yahoo.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Michael Andrew Swick**
                                      Kahn Gauthier Swick, LLC
                                      12 East 41st Street
                                      12th Floor
                                      New York, NY 10017
                                      (212) 696-3730
                                      Fax: (504) 455-1498

Email: michael.swick@kglg.com
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Lead Plaintiffs**                         represented by **Lead Plaintiffs**
                                                           PRO SE

**Plaintiff**

**Milton Ariail**                           represented by **Kim Elaine Miller**
*Individually and behalf of all others*                    (See above for address)
*similarly situated*                                        *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Lewis Stephen Kahn**
                                                           Kahn, Gauthier Law Group, L.L.C.
                                                           650 Poydras St.
                                                           Suite 2150
                                                           New Orleans, LA 70130
                                                           (504) 455-1400
                                                           Fax: (504) 455-1498
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Marc L. Ackerman**
                                                           Brodsky & Smith
                                                           Two Bala Plaza
                                                           Suite 602
                                                           Bala Cynwyd, PA 19004
                                                           (610)667-6200
                                                           Fax: (610)667-9029
                                                           Email: mackerman@brodsky-
                                                           smith.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Michael Andrew Swick**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Consolidated Plaintiff**

**Joseph Spoto**                            represented by **Kim Elaine Miller**
*individually and on behalf of all others*                 (See above for address)
*similarly situated*                                        *ATTORNEY TO BE NOTICED*

                                                           **Michael Andrew Swick**
                                                           (See above for address)

*ATTORNEY TO BE NOTICED*

**Consolidated Plaintiff**

**Robert Hamilton**                          represented by **Kim Elaine Miller**
*individually and on behalf of all others*                   (See above for address)
*similarly situated*                                         *ATTORNEY TO BE NOTICED*

                                                             **Michael Andrew Swick**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Consolidated Plaintiff**

**Cheryl Difruscio**                         represented by **Kim Elaine Miller**
*individually and on behalf of all others*                   (See above for address)
*similarly situated*                                         *ATTORNEY TO BE NOTICED*

                                                             **Michael Andrew Swick**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Consolidated Plaintiff**

**Chad Jones**                               represented by **Kim Elaine Miller**
*individually and on behalf of all others*                   (See above for address)
*similarly situated*                                         *ATTORNEY TO BE NOTICED*

                                                             **Michael Andrew Swick**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Consolidated Plaintiff**

**Robert Lindberg**                          represented by **Kim Elaine Miller**
*individually and on behalf of all others*                   (See above for address)
*similarly situated*                                         *ATTORNEY TO BE NOTICED*

                                                             **Michael Andrew Swick**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Consolidated Plaintiff**

**David Lemoine**                            represented by **Kim Elaine Miller**
*individually and on behalf of all others*                   (See above for address)
*similarly situated*                                         *ATTORNEY TO BE NOTICED*

                                                             **Michael Andrew Swick**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**Xethanol Corporation**                    represented by **Anthony Paduano**
Paduano & Weintraub
1251 Avenue of the Americas, 9th
Floor
New York, NY 10020
212-785-9100
Fax: 212-785-9099
Email: ap@pwlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Blackwood Harrison**
Paduano & Weintraub LLP
1251 Avenue of The Americas, 9th
Floor
New York, NY 10020
(212) 785-9100
Fax: (212)-785-9099
Email: kh@pwlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel S. Sommers**
Cohen, Milstein, Hausfeld & Toll,
PLLC (DC)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
(202) 408-4600
*ATTORNEY TO BE NOTICED*

**Elizabeth Shattuck Finberg**
Cohen, Milstein, Hausfeld & Toll,
PLLC (DC)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
(212) 838-7797
Email: efinberg@cmht.com
*ATTORNEY TO BE NOTICED*

**Sean M. Handler**
Schiffrin Barroway Topaz & Kessler,
LLP
280 King of Prussia Road
Radnor, PA 19087
610-822-2208
Fax: 610-667-7056
Email: ecf_filings@sbtklaw.com
*ATTORNEY TO BE NOTICED*

Steven Jeffrey Toll
Cohen, Milstein, Hausfeld & Toll,
PLLC (DC)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
(202) 408-4600
Fax: (202) 408-4699
Email: stoll@cmht.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lawrence S. Bellone**                    represented by **Anthony Paduano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Blackwood Harrison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher D'Arnaud-Taylor**            represented by **Anthony Paduano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Blackwood Harrison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffery S. Langberg**                    represented by **Anthony Paduano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Blackwood Harrison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Xethanol Investor Group**                represented by **Evan J Smith**
Brodsky & Smith, L.L.C.
240 Mineola Blvd.
Mineola, NY 11501

516-741-4977
Email: esmith@brodsky-smith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glen A. Woods**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark K. Gyandoh**
Schiffrin, Barroway, Topaz & Kessler,
L.L.P.
280 King Of Prussia Road
Radnor, PA 19087
(610) 667-7706
Fax: (610) 667-7056
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Cheryl Difruscio**                    represented by **Glen A. Woods**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **David R. Scott**
                                        Scott & Scott, LLC(CT)
                                        108 Norwich Avenue
                                        P.O.Box 192
                                        Colchester, CT 06415
                                        (860)537-5537
                                        Fax: (860)537-4432
                                        Email: drscott@scott-scott.com
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/23/2006 | 1 | COMPLAINT against Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. (Filing Fee $ 350.00, Receipt Number 594230)Document filed by Milton Ariail.(mbe, ) Additional attachment(s) added on 11/6/2006 (ae, ). Additional attachment(s) added on 11/6/2006 (ae, ). (Entered: 10/26/2006) |
| 10/23/2006 |   | SUMMONS ISSUED as to Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. (mbe, ) (Entered: 10/26/2006) |
| 10/23/2006 |   | Magistrate Judge Debra C. Freeman is so designated. (mbe, ) (Entered: 10/26/2006) |

| 10/23/2006 | | Case Designated ECF. (mbe, ) (Entered: 10/26/2006) |
|---|---|---|
| 11/01/2006 | 2 | LETTER addressed to Kim Elaine Miller, Esq. from Linda Eckhouse dated 11/1/06 re: there will be a pretrial conference at 3:15 p.m. on 1/18/07 in room 2230. (dle, ) (Entered: 11/02/2006) |
| 11/01/2006 | | Set/Reset Hearings: Pretrial Conference set for 1/18/2007 03:15 PM before Judge Harold Baer. (dle, ) (Entered: 11/02/2006) |
| 11/27/2006 | 3 | NOTICE OF APPEARANCE by Anthony Paduano on behalf of Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg (Paduano, Anthony) (Entered: 11/27/2006) |
| 11/27/2006 | 4 | AFFIDAVIT OF SERVICE of Notice of Appearance; Stipulation and Order served on Kim E. Miller,Esq. and Lewis S. Kahn, Esq. on 11-27-06. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. (Paduano, Anthony) (Entered: 11/27/2006) |
| 11/29/2006 | 5 | AFFIDAVIT OF SERVICE. Xethanol Corporation served on 11/13/2006, answer due 12/4/2006. Service was accepted by Lawrence S. Bellone. Document filed by Milton Ariail. (Miller, Kim) (Entered: 11/29/2006) |
| 11/29/2006 | 6 | AFFIDAVIT OF SERVICE. Christopher D'Arnaud-Taylor served on 11/10/2006, answer due 11/30/2006. Service was accepted by Christopher D'Arnaud-Taylor. Document filed by Milton Ariail. (Miller, Kim) (Entered: 11/29/2006) |
| 11/29/2006 | 7 | AFFIDAVIT OF SERVICE. Jeffery S. Langberg served on 11/13/2006, answer due 12/4/2006. Service was accepted by Joe "Doe". Document filed by Milton Ariail. (Miller, Kim) (Entered: 11/29/2006) |
| 11/29/2006 | 8 | AFFIDAVIT OF SERVICE. Lawrence S. Bellone served on 11/8/2006, answer due 11/28/2006. Service was accepted by Henry Lora. Document filed by Milton Ariail. (Miller, Kim) (Entered: 11/29/2006) |
| 11/30/2006 | 9 | STIPULATION AND ORDER that in the interest of efficiency the parties have agreed to the following schedule: plaintiffs will have 45 days from the date the court appoints lead plaintiffs and approves their selection of lead counsel to file and serve their amended complaints; dfts will have 30 days to answer, move or otherwise respond to the amended complaint; if dfts file a motion to dismiss the amended complaint, plaintiffs will have 20 days in which to oppose that motion; dfts will then have 10 days in which to submit a reply in further support of their motion to dismiss the amended complaint. (Signed by Judge Harold Baer on 11/29/06) (dle, ) (Entered: 11/30/2006) |
| 11/30/2006 | 10 | ENDORSED LETTER addressed to Judge Harold Baer from Katherine B. Harrison dated 11/27/06 re: counsel for dfts request approval of schedule outlined in proposed stipulation. Be sure there is consolidation before 1/18/06 - or I'll have to do it, and provide info on diversity in any firm you propose for lead counsel. Without diversity and indeed a role for a minority lawyer in the matter the likelihood that such a firm will be chosen by me is severely diminished. (Signed by Judge Harold Baer on 11/29/06) (dle, ) (Entered: 11/30/2006) |

| 11/30/2006 | 11 | NOTICE OF APPEARANCE by Katherine Blackwood Harrison on behalf of Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg (Harrison, Katherine) (Entered: 11/30/2006) |
| 12/26/2006 | 12 | MOTION to Consolidate Cases 06-11476, 06-11477, 06-11516, 06-13128, 06-14448, 06-15176 *Appoint Lead Plaintiff and Appoint Lead Counsel*. Document filed by The Counsell Group. (Attachments: # 1 Text of Proposed Order Proposed Order)Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Miller, Kim) (Entered: 12/26/2006) |
| 12/26/2006 | 13 | MEMORANDUM OF LAW in Support re: 12 MOTION to Consolidate Cases 06-11476, 06-11477, 06-11516, 06-13128, 06-14448, 06-15176 *Appoint Lead Plaintiff and Appoint Lead Counsel*.. Document filed by The Counsell Group. Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Miller, Kim) (Entered: 12/26/2006) |
| 12/26/2006 | 14 | DECLARATION of Kim E. Miller in Support re: 12 MOTION to Consolidate Cases 06-11476, 06-11477, 06-11516, 06-13128, 06-14448, 06-15176 *Appoint Lead Plaintiff and Appoint Lead Counsel*.. Document filed by The Counsell Group. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C# 4 Exhibit Exhibit D)Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Miller, Kim) (Entered: 12/26/2006) |
| 12/26/2006 | 15 | MOTION to Consolidate Cases 1:06-11476, 1:06-11477, 1:06-11516, 1:06-13128, 1:06-14448, 1:06-15176 *and Appoint Lead Plaintiff and Lead and Liaison Counsel for Class*. Document filed by Xethanol Investor Group. (Attachments: # 1 Exhibit A)Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Smith, Evan) (Entered: 12/26/2006) |
| 12/26/2006 | 16 | MEMORANDUM OF LAW in Support re: 15 MOTION to Consolidate Cases 1:06-11476, 1:06-11477, 1:06-11516, 1:06-13128, 1:06-14448, 1:06-15176 *and Appoint Lead Plaintiff and Lead and Liaison Counsel for Class*.. Document filed by Xethanol Investor Group. Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Smith, Evan) (Entered: 12/26/2006) |
| 12/26/2006 | 17 | DECLARATION of Evan J. Smith, Esquire in Support re: 15 MOTION to Consolidate Cases 1:06-11476, 1:06-11477, 1:06-11516, 1:06-13128, 1:06-14448, 1:06-15176 *and Appoint Lead Plaintiff and Lead and Liaison Counsel for Class*.. Document filed by Xethanol Investor Group. (Attachments: # 1 Exhibits A-C# 2 Exhibit D (Part I)# 3 Exhibit D (Part II)# 4 Exhibit E)Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Smith, Evan) (Entered: 12/26/2006) |
| 12/26/2006 | 18 | CERTIFICATE OF SERVICE of Motion to Consolidate and to Appoint Lead Plaintiff and Lead and Liaison Counsel for Class and supporting documents served on All Parties and/or Counsel on December 26, 2006. Service was made by ECF and Mail. Document filed by Xethanol Investor Group. Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Smith, Evan) (Entered: 12/26/2006) |

| 12/26/2006 | 19 | NOTICE of Motion and Motion of the Xethanol Investors Group for consolidation of related actions, appointment as lead plaintiff and approval of lead plaintiff's selection of co-lead counsel. Document filed by Xethanol Investor Group. (Sailer, Jacqueline) (Entered: 12/26/2006) |
|---|---|---|
| 12/26/2006 | 20 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Appoint Russ Olinatz to serve as lead plaintiff(s). Document filed by Cheryl Difruscio. (Attachments: # 1 Memorandum of Law in Support# 2 Declaration of David R. Scott in Support# 3 Text of Proposed Order)Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Scott, David) Modified on 12/28/2006 (kg). (Entered: 12/26/2006) |
| 12/26/2006 | 21 | FIRST MEMORANDUM OF LAW in Support *of motion of the xethanol investors group for consolidation of related actions, appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel.* Document filed by Xethanol Investor Group. Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Sailer, Jacqueline) (Entered: 12/26/2006) |
| 12/26/2006 | 22 | DECLARATION of Brian P. Murray in Support. Document filed by Xethanol Investor Group. (Attachments: # 1 Exhibit)Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB(Sailer, Jacqueline) (Entered: 12/26/2006) |
| 12/26/2006 | 23 | NOTICE of Proposed order granting motion of the xethanol investors group for consolidation of related actions, appointment as lead plaintiff and approval of lead plaintiff's selection of co-lead counsel. Document filed by Xethanol Investor Group. (Sailer, Jacqueline) (Entered: 12/26/2006) |
| 12/28/2006 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney David R. Scott to RE-FILE Document 20 MOTION to Appoint Russ Olinatz to serve as lead plaintiff(s). ERROR(S): Filing Error of supporting documents. Supporting Documents must be filed individually. Event Codes located under Responses and Replies. (kg) (Entered: 12/28/2006) |
| 12/29/2006 | 24 | MEMORANDUM OF LAW in Support re: 20 MOTION to Appoint Russ Olinatz to serve as lead plaintiff(s). *To Appoint Lead Plaintiff, and to Consolidate Cases.* Document filed by Cheryl Difruscio. Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB,1:06-cv-15176-HB(Scott, David) (Entered: 12/29/2006) |
| 12/29/2006 | 25 | DECLARATION of David R. Scott in Support re: 20 MOTION to Appoint Russ Olinatz to serve as lead plaintiff(s).. Document filed by Cheryl Difruscio. (Attachments: # 1 Exhibit A-D)Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB,1:06-cv-15176-HB(Scott, David) (Entered: 12/29/2006) |
| 01/10/2007 | 26 | REPLY MEMORANDUM OF LAW in Support re: 12 MOTION to Consolidate Cases 06-11476, 06-11477, 06-11516, 06-13128, 06-14448, 06-15176 *Appoint Lead Plaintiff and Appoint Lead Counsel.*. Document filed by The Counsell Group. Filed In Associated Cases: 1:06-cv-10234-HB,1:06-cv-11476-HB,1:06-cv-11516-HB,1:06-cv-14448-HB,1:06-cv-15176-HB(Miller, |

| | | Kim) (Entered: 01/10/2007) |
|---|---|---|
| 01/16/2007 | 27 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg, Christopher D'Arnaud Taylor.Associated Cases: 1:06-cv-10234-HB et al.(Harrison, Katherine) (Entered: 01/16/2007) |
| 01/16/2007 | 28 | RESPONSE in Opposition re: 12 MOTION to Consolidate Cases 06-11476, 06-11477, 06-11516, 06-13128, 06-14448, 06-15176 *Appoint Lead Plaintiff and Appoint Lead Counsel.*. Document filed by Xethanol Investor Group. (Kennedy, Thomas) (Entered: 01/16/2007) |
| 01/16/2007 | 29 | CERTIFICATE OF SERVICE of Memorandum in further Support of Xethanol Investor Group Motion for Appointment of Lead Plaintiff and Lead and Liaison Counsel, and Declaration of Evan J. Smith in Further Support of Motion for Lead Plaintiff and Lead and Liaison Counsel on January 16, 2007. Service was made by Mail and ECF. Document filed by Xethanol Investor Group. Filed In Associated Cases: 1:06-cv-10234-HB et al.(Smith, Evan) (Entered: 01/16/2007) |
| 01/16/2007 | 30 | DECLARATION of Evan J. Smith, Esquire in Support re: (15 in 1:06-cv-10234-HB, 20 in 1:06-cv-11516-HB, 16 in 1:06-cv-11476-HB, 7 in 1:06-cv-14448-HB) MOTION to Consolidate Cases 1:06-11476, 1:06-11477, 1:06-11516, 1:06-13128, 1:06-14448, 1:06-15176 *and Appoint Lead Plaintiff and Lead and Liaison Counsel for Class.*. Document filed by Xethanol Investor Group. (Attachments: # 1 Exhibits to Declaration A-F)Filed In Associated Cases: 1:06-cv-10234-HB et al.(Smith, Evan) (Entered: 01/16/2007) |
| 01/17/2007 | 31 | MEMORANDUM OF LAW in Support re: (15 in 1:06-cv-10234-HB, 20 in 1:06-cv-11516-HB, 16 in 1:06-cv-11476-HB, 7 in 1:06-cv-14448-HB) MOTION to Consolidate Cases 1:06-11476, 1:06-11477, 1:06-11516, 1:06-13128, 1:06-14448, 1:06-15176 *and Appoint Lead Plaintiff and Lead and Liaison Counsel for Class.*. Document filed by Xethanol Investor Group. Filed In Associated Cases: 1:06-cv-10234-HB et al.(Smith, Evan) (Entered: 01/17/2007) |
| 01/18/2007 | 32 | NOTICE of Withdrawl of Martin Schehin as a Member of the Counsell Proposed Lead Plaintiff Group. Document filed by The Counsell Group. Filed In Associated Cases: 1:06-cv-10234-HB et al.(Miller, Kim) (Entered: 01/18/2007) |
| 01/26/2007 | 33 | MEMORANDUM OF LAW in Support re: (12 in 1:06-cv-10234-HB, 4 in 1:06-cv-14448-HB, 17 in 1:06-cv-11516-HB, 13 in 1:06-cv-11476-HB) MOTION to Consolidate Cases 06-11476, 06-11477, 06-11516, 06-13128, 06-14448, 06-15176 *Appoint Lead Plaintiff and Appoint Lead Counsel.*. Document filed by The Counsell Group. (Attachments: # 1 Text of Proposed Order Proposed Order)Filed In Associated Cases: 1:06-cv-10234-HB, 1:06-cv-11476-HB, 1:06-cv-11516-HB, 1:06-cv-14448-HB, 1:06-cv-15176-HB(Miller, Kim) (Entered: 01/26/2007) |
| 01/26/2007 | 34 | DECLARATION of Lewis S. Kahn in Support re: (12 in 1:06-cv-10234-HB, 4 in 1:06-cv-14448-HB, 17 in 1:06-cv-11516-HB, 13 in 1:06-cv-11476-HB) MOTION to Consolidate Cases 06-11476, 06-11477, 06-11516, 06-13128, 06- |

|  |  | 14448, 06-15176 *Appoint Lead Plaintiff and Appoint Lead Counsel.*. Document filed by The Counsell Group. Filed In Associated Cases: 1:06-cv-10234-HB, 1:06-cv-11476-HB, 1:06-cv-11516-HB, 1:06-cv-14448-HB, 1:06-cv-15176-HB (Miller, Kim) (Entered: 01/26/2007) |
|---|---|---|
| 01/26/2007 | 35 | DECLARATION of Kim E. Miller in Support re: (12 in 1:06-cv-10234-HB, 4 in 1:06-cv-14448-HB, 17 in 1:06-cv-11516-HB, 13 in 1:06-cv-11476-HB) MOTION to Consolidate Cases 06-11476, 06-11477, 06-11516, 06-13128, 06-14448, 06-15176 *Appoint Lead Plaintiff and Appoint Lead Counsel.*. Document filed by The Counsell Group. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I)Filed In Associated Cases: 1:06-cv-10234-HB, 1:06-cv-11476-HB, 1:06-cv-11516-HB, 1:06-cv-14448-HB, 1:06-cv-15176-HB(Miller, Kim) (Entered: 01/26/2007) |
| 01/26/2007 | 36 | REPLY MEMORANDUM OF LAW in Support re: (15 in 1:06-cv-10234-HB, 20 in 1:06-cv-11516-HB, 16 in 1:06-cv-11476-HB, 7 in 1:06-cv-14448-HB) MOTION to Consolidate Cases 1:06-11476, 1:06-11477, 1:06-11516, 1:06-13128, 1:06-14448, 1:06-15176 *and Appoint Lead Plaintiff and Lead and Liaison Counsel for Class.*. Document filed by Xethanol Investor Group. Filed In Associated Cases: 1:06-cv-10234-HB, 1:06-cv-11476-HB, 1:06-cv-11516-HB, 1:06-cv-14448-HB, 1:06-cv-15176-HB(Smith, Evan) (Entered: 01/26/2007) |
| 01/26/2007 | 37 | CERTIFICATE OF SERVICE of Xethanol Investor Group's Reply Memorandum of Law in Support of Motion for Consolidation and Appointment of Lead Plaintiff and Lead and Liaison Counsel served on All counsel of record on January 26, 2007. Service was made by ECF and Mail. Document filed by Xethanol Investor Group. Filed In Associated Cases: 1:06-cv-10234-HB, 1:06-cv-11476-HB, 1:06-cv-11516-HB, 1:06-cv-14448-HB, 1:06-cv-15176-HB (Smith, Evan) (Entered: 01/26/2007) |
| 02/05/2007 | 38 | NOTICE of Withdrawl of Russ Olinatz For Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel. Document filed by Cheryl Difruscio. Filed In Associated Cases: 1:06-cv-10234-HB, 1:06-cv-11476-HB, 1:06-cv-11516-HB, 1:06-cv-14448-HB, 1:06-cv-15176-HB(Norton, Jeffrey) (Entered: 02/05/2007) |
| 02/06/2007 | 39 | ORDER that the cases, 06cv10234, 06cv11476, 06cv11477, 06cv11516, 06cv13128, 06cv14448, 06cv15176 are consolidated for all purposes purs. to FRCP 42(a); every pleading in the consolidated action shall have the caption, In Re Xethanol Corporation Securities Litigation, 06cv10234; the clerk of court is directed to remove 06cv11476, 06cv11477, 06cv11516, 06cv13128, 06cv14448 and 06cv15176 from my docket as separate cases. (Signed by Judge Harold Baer on 2/6/07) (dle) (Entered: 02/07/2007) |
| 02/06/2007 | 40 | MOTION for Sean M. Handler to Appear Pro Hac Vice. Document filed by Xethanol Corporation.(jco) (Entered: 02/08/2007) |
| 02/06/2007 | 51 | MOTION for Mark K. Gyandoh to Appear Pro Hac Vice. Document filed by Xethanol Investor Group.(db) (Entered: 02/20/2007) |
| 02/08/2007 | 41 | SCHEDULING ORDER:Amended Pleadings due by 4/2/2007.,Joinder of |

| | | Parties due by 4/2/2007.,Discovery due by 2/1/2008.,Pretrial Order due by 9/19/2008; this case is added to the October 2008 trailing trial calendar. (Signed by Judge Harold Baer on 2/6/07) (dle) (Entered: 02/09/2007) |
|---|---|---|
| 02/09/2007 | 42 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Glen A. Woods for The Counsell Group admitted Pro Hac Vice. (Signed by Judge Harold Baer on 2/9/07) (dle) (Entered: 02/13/2007) |
| 02/09/2007 | | Transmission to Attorney Admissions Clerk. Transmitted re: 42 Order Admitting Attorney Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (dle) (Entered: 02/13/2007) |
| 02/09/2007 | 47 | MOTION for Glen A. Woods to Appear Pro Hac Vice. Document filed by Xethanol Investor Group, Cheryl Difruscio.Filed In Associated Cases: 1:06-cv-10234-HB et al.(jco) (Entered: 02/16/2007) |
| 02/09/2007 | 48 | MOTION for Elizabeth S. Finberg to Appear Pro Hac Vice. Document filed by Xethanol Corporation.(jco) (Entered: 02/16/2007) |
| 02/09/2007 | 49 | MOTION for Daniel S. Sommers to Appear Pro Hac Vice. Document filed by Xethanol Corporation.(jco) (Entered: 02/16/2007) |
| 02/09/2007 | 50 | MOTION for Steven J. Toll to Appear Pro Hac Vice. Document filed by Xethanol Corporation.(jco) (Entered: 02/16/2007) |
| 02/15/2007 | 43 | ORDER Granting Application of Elizabeth S. Finberg for Admission Pro Hac Vice. (Signed by Judge Harold Baer on 2/14/2007) (jmi) (Entered: 02/16/2007) |
| 02/15/2007 | | Transmission to Attorney Admissions Clerk. Transmitted re: 43 Order, to the Attorney Admissions Clerk for updating of Attorney Information. (jmi) (Entered: 02/16/2007) |
| 02/15/2007 | 44 | ORDER Granting Application of Steven J. Toll For Admission Pro Hac Vice. (Signed by Judge Harold Baer on 2/14/2007) (jmi) (Entered: 02/16/2007) |
| 02/15/2007 | | Transmission to Attorney Admissions Clerk. Transmitted re: 44 Order, to the Attorney Admissions Clerk for updating of Attorney Information. (jmi) (Entered: 02/16/2007) |
| 02/15/2007 | 45 | ORDER Granting Application of Daniel S. Sommers Fpr Admission Pro Hac Vice. (Signed by Judge Harold Baer on 2/14/2007) (jmi) (Entered: 02/16/2007) |
| 02/15/2007 | | Transmission to Attorney Admissions Clerk. Transmitted re: 45 Order, to the Attorney Admissions Clerk for updating of Attorney Information. (jmi) (Entered: 02/16/2007) |
| 02/15/2007 | 46 | ORDER granting 40 Motion for Sean M. Handler to Appear Pro Hac Vice. (Signed by Judge Harold Baer on 2/15/2007) (jmi) (Entered: 02/16/2007) |
| 02/16/2007 | 52 | ORDER granting 51 Motion for Mark K. Gyandoh to Appear Pro Hac Vice. (Signed by Judge Harold Baer on 2/16/07) (db) (Entered: 02/20/2007) |
| 02/20/2007 | | CASHIERS OFFICE REMARK on 46 Order on Motion to Appear Pro Hac Vice, 52 Order on Motion to Appear Pro Hac Vice in the amount of $50.00, paid on 02/06/2007, Receipt Number 604829. (jd) (Entered: 02/20/2007) |

| 02/20/2007 | | CASHIERS OFFICE REMARK on 47 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 02/09/2007, Receipt Number 605397. (jd) (Entered: 02/20/2007) |
| 02/20/2007 | | CASHIERS OFFICE REMARK on 48 Motion to Appear Pro Hac Vice, 50 Motion to Appear Pro Hac Vice, 45 Order in the amount of $75.00, paid on 02/09/2007, Receipt Number 605421. (jd) (Entered: 02/20/2007) |
| 02/22/2007 | 53 | TRANSCRIPT of proceedings held on 2/6/2007 at 10:30 a.m. before Judge Harold Baer. Associated Cases: 1:06-cv-10234-HB et al.(aba) (Entered: 02/22/2007) |
| 03/14/2007 | 54 | ORDER that Ronald L. Counsell, Clayton Antonio Leamons, John Zipay, Jr. and Ernest J. Shepherd (the Counsell Group) are appointed Lead Plaintiffs in this action; Khan Gauthier Swick is appointed class counsel in this action. The clerk of the court is directed to close this motion and to remove this matter from my docket. (Signed by Judge Harold Baer on 3/14/07) (dle) (Entered: 03/15/2007) |
| 03/23/2007 | 55 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - MOTION to Amend/Correct 1 Complaint, Amended and Consolidated Class Action Complaint. Document filed by The Counsell Group.(Miller, Kim) Modified on 3/26/2007 (KA). (Entered: 03/23/2007) |
| 03/26/2007 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Kim Elaine Miller to MANUALLY RE-FILE Document No. 55 Amended Complaint. This document is not filed via ECF. (KA) (Entered: 03/26/2007) |
| 03/27/2007 | 56 | AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS amending 1 Complaint, against Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg.Document filed by Joseph Spoto, Robert Hamilton, Cheryl Difruscio, Chad Jones, Robert Lindberg, David Lemoine, Milton Ariail, The Counsell Group. Related document: 1 Complaint, filed by Milton Ariail. (jco) (Entered: 03/29/2007) |
| 03/27/2007 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Kim E. Miller for noncompliance with Section (3) of the S.D.N.Y. 3rd Amended Instructions For Filing An Electronic Case or Appeal and Section 1(d) of the S.D.N.Y. Procedures For Electronic Case Filing. E-MAIL the PDF for Document 56 Amended Complaint, to: case_openings@nysd.uscourts.gov. (jco) (Entered: 03/29/2007) |
| 04/23/2007 | 57 | MOTION to Dismiss the Amended and Consolidated Class Action Complaint. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg.Responses due by 5/14/2007(Paduano, Anthony) (Entered: 04/23/2007) |
| 04/23/2007 | 58 | NOTICE of Motion re: 57 MOTION to Dismiss the Amended and Consolidated Class Action Complaint.. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. (Paduano, Anthony) (Entered: 04/23/2007) |

| 04/23/2007 | 59 | AFFIDAVIT of Katherine B. Harrison in Support re: 57 MOTION to Dismiss *the Amended and Consolidated Class Action Complaint*.. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. (Attachments: # 1 Exhibit A, Part 1# 2 Exhibit A, Part 2# 3 Exhibit A, Part 3# 4 Exhibit A, Part 4# 5 Exhibit B# 6 Exhibit C)(Paduano, Anthony) (Entered: 04/23/2007) |
|---|---|---|
| 04/24/2007 | 60 | AFFIDAVIT OF SERVICE of Defendants Motion to Dismiss the Amended and Consolidated Class Action Complaint, Affidavit of Katherine B. Harrison in Support of Defendants Motion to Dismiss the Amended and Consolidated Class Action Complaint, Notice of Motion served on Kim E. Miller, Esq. on 4/23/2007. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. (Paduano, Anthony) (Entered: 04/24/2007) |
| 05/14/2007 | 61 | MEMORANDUM OF LAW in Opposition re: 57 MOTION to Dismiss *the Amended and Consolidated Class Action Complaint*.. Document filed by Lead Plaintiffs. (Miller, Kim) (Entered: 05/14/2007) |
| 05/14/2007 | 62 | DECLARATION of Kim E. Miller in Support re: 61 Memorandum of Law in Opposition to Motion. Document filed by Lead Plaintiffs. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Miller, Kim) (Entered: 05/14/2007) |
| 05/22/2007 | 63 | NOTICE OF CHANGE OF ADDRESS by Kim Elaine Miller on behalf of Lead Plaintiffs. New Address: Kahn Gauthier Swick, LLC, 12 East 41st Street, 12th Floor, New York, New York, USA 10017, (212)696-3730. (Miller, Kim) (Entered: 05/22/2007) |
| 05/24/2007 | 64 | SECOND REPLY MEMORANDUM OF LAW in Support re: 57 MOTION to Dismiss *the Amended and Consolidated Class Action Complaint*.. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. (Paduano, Anthony) (Entered: 05/24/2007) |
| 05/24/2007 | 65 | AFFIDAVIT OF SERVICE of Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Amended and Consolidated Class Action Complaint served on Kim E. Miller, Esq., Kahn Gauthier Swick LLC, 12 East 41st Street, 12th Floor, New York, New York 10017 on 5/24/07. Service was made by fax and mail. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. (Paduano, Anthony) (Entered: 05/24/2007) |
| 06/15/2007 | 66 | ENDORSED LETTER addressed to Judge Harold Baer, Jr. from Kim E. Miller dated 6/4/2007 re: unable to attend the 6/27/2007 oral argument on the motion to dismiss. Endorsement: I am unable to accommodate you in June save for the 27th, so I am putting the argument on the motion in both cases over to, Oral Argument set for 7/2/2007 at 11:00 AM before Judge Harold Baer. (Signed by Judge Harold Baer on 6/14/2007) (jar) Modified on 6/19/2007 (KA). (Entered: 06/18/2007) |
| 07/10/2007 | 67 | TRANSCRIPT of proceedings held on 7/2/07 before Judge Harold Baer. (jbe) (Entered: 07/10/2007) |
| 07/10/2007 | 68 | TRANSCRIPT of proceedings held on 7/2/07 before Judge Harold Baer. (jbe) |

| | | (Entered: 07/10/2007) |
|---|---|---|
| 09/07/2007 | 69 | OPINION & ORDER # 95154: (57 in 1:06-cv-10234-HB) MOTION to Dismiss *the Amended and Consolidated Class Action Complaint* filed by Xethanol Corporation, Jeffery S. Langberg, Lawrence S. Bellone, Christopher D'Arnaud-Taylor. Defendants' Motion to Dismiss is DENIED. This case will proceed in accordance with the February 6, 2007 Pretrial Scheduling Order. The Clerk of Court is instructed to close this matter and remove this motion from my docket. (Signed by Judge Harold Baer on 9/7/07) Filed In Associated Cases: 1:06-cv-10234-HB et al.(tro) Modified on 9/12/2007 (db). (Entered: 09/07/2007) |
| 10/23/2007 | 70 | ENDORSED LETTER addressed to Judge Harold Baer from Katherine Harrison dated 10/17/07 re: Joint request to extend the discovery scheudle by 8 weeks to 4/1/08. ENDORSEMENT: Sorry I'm all for mediation but it will have to (and is when before I panelist here) sandwiched in so as not to interfere with the PTSO and you are in no different position. The PTSO must govern or I could not let the lawyers choose (as you did) the dates they wish. (Signed by Judge Harold Baer on 10/23/07) (cd) (Entered: 10/23/2007) |
| 10/26/2007 | 71 | STIPULATION AND ORDER: Defendants' time to respond to the Amended Complaint is adjourned to 11/2/07. ENDORSEMENT: Fine, so long as all on notice that PTSO is in full force & effect but for pleadings. Xethanol Corporation answer due 11/2/2007; Lawrence S. Bellone answer due 11/2/2007; Christopher D'Arnaud-Taylor answer due 11/2/2007; Jeffery S. Langberg answer due 11/2/2007. (Signed by Judge Harold Baer on 10/25/07) (db) . (Entered: 10/26/2007) |
| 11/02/2007 | 72 | ANSWER to Amended Complaint. Document filed by Xethanol Corporation, Lawrence S. Bellone, Christopher D'Arnaud-Taylor, Jeffery S. Langberg. Related document: 56 Amended Complaint, filed by Robert Hamilton, David Lemoine, Cheryl Difruscio, Robert Lindberg, Joseph Spoto, Chad Jones, Milton Ariail, The Counsell Group.(Paduano, Anthony) (Entered: 11/02/2007) |
| 11/26/2007 | 73 | CONFIDENTIALITY STIPULATION regarding procedures to be followed that shall govern the handling of confidential material. (Signed by Judge Harold Baer on 11/26/07) (dle) (Entered: 11/26/2007) |
| 12/12/2007 | 74 | ENDORSED LETTER addressed to Judge Harold Baer from Kim Miller dated 11/30/07 re: Parties have reached an agreement in principal to settle the litigation. ENDORSEMENT: This matter is dismissed in accordance with the above language- a contemporaneous telephone conference. Please remove from my docket. (Signed by Judge Harold Baer on 12/12/07) (cd) (Entered: 12/12/2007) |
| 03/19/2008 | 75 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Marc L. Ackerman for Milton Ariail admitted Pro Hac Vice. (Signed by Judge P. Kevin Castel on 3/19/08) (js) (Entered: 03/20/2008) |
| 03/19/2008 | | Transmission to Attorney Admissions Clerk. Transmitted re: 75 Order Admitting Attorney Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (js) (Entered: 03/20/2008) |
| | | |

| 04/29/2008 | 76 | MOTION for Settlement *Preliminary Approval*. Document filed by The Counsell Group.(Miller, Kim) (Entered: 04/29/2008) |
| 04/29/2008 | 77 | MEMORANDUM OF LAW in Support re: 76 MOTION for Settlement *Preliminary Approval*.. Document filed by The Counsell Group. (Miller, Kim) (Entered: 04/29/2008) |
| 04/29/2008 | 78 | DECLARATION of Kim E Miller in Support re: 76 MOTION for Settlement *Preliminary Approval*.. Document filed by The Counsell Group. (Attachments: # 1 Exhibit A - Firm Resume, # 2 Exhibit B - Declaration of Mediator)(Miller, Kim) (Entered: 04/29/2008) |
| 05/05/2008 | 79 | ORDER; that a hearing for preliminary approval of the proposed settlement of this proposed class action and certification of a class for purposes of the settlement will take place before me in Courtroom 23B of the U.S. Courthouse for the S.D.N.Y. on 5/13/2008 at 10:00 AM in Courtroom 23B, 500 Pearl Street, New York, NY 10007 before Judge Harold Baer.) (Signed by Judge Harold Baer on 5/5/08) (pl) (Entered: 05/05/2008) |
| 05/16/2008 | 80 | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE; granting 76 Motion for Settlement. That the Court hereby certifies the Class solely for purposes of this Settlement. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject of further consideration at the Settlement Hearing as described in this Order. (Signed by Judge Harold Baer on 5/15/08) (pl) Modified on 5/16/2008 (pl). (Entered: 05/16/2008) |
| 05/16/2008 |  | Set/Reset Scheduling Order Deadlines: Settlement Conference set for 9/15/2008 at 09:30 AM before Judge Harold Baer. (pl) (Entered: 05/16/2008) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 08/18/2008 16:38:55 | | |
| **PACER Login:** | pv0075 | **Client Code:** | 07-160 |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-10234-HB |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE XETHANOL CORPORATION SECURITIES    :
LITIGATION                               :         06 Civ. 10234 (HB)
                                         :
THIS DOCUMENT RELATES TO:                          OPINION & ORDER

All Actions
------------------------------------------------------------------------x

Hon. HAROLD BAER, JR., District Judge*:

      Plaintiffs Ronald Counsell, Clayton Antonio Leamons, John Zipay, Jr., and Ernest
Shepherd (collectively "The Counsell Group" or "Lead Plaintiffs") bring this putative federal
securities class action against Xethanol Corporation ("Xethanol" or the "Company"),
Christopher D'Arnaud-Taylor ("Taylor"), Jeffrey S. Langberg ("Langberg"), and Lawrence S.
Bellone ("Bellone") ("Individual Defendants") (collectively, "Defendants"). Plaintiffs allege
violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange
Act") and Rule 10b-5 issued thereunder by the Securities Exchange Commission.

      Defendants now move to dismiss Plaintiffs' Amended Consolidated Class Action
Complaint ("Am. Compl." or "Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) and
Fed. R. Civ. P. 9(b). For the reasons set forth below, Defendants' Motion to Dismiss is
DENIED.[1]

## I.    FACTUAL BACKGROUND

      On March 14, 2007, I appointed Ronald Counsell, Clayton Antonio Leamons, John
Zipay, Jr., and Ernest Shepherd as Lead Plaintiffs. Lead Plaintiffs aver that they purchased the
common stock of Xethanol at artificially inflated prices between January 31, 2006 and August 7,
2006 (the "Class Period") and were damaged as a result thereof.

      The underlying facts are set forth in detail in my prior opinion dismissing a related
derivative action, *In re Xethanol Derivative Litigation*, 06-CV-15536 (HB), for failure to make a
demand on the Board. Therefore, I present only an abbreviated factual background here.

---

* Jessica Yuen, a summer 2007 intern in my Chambers, and currently a second-year law student at George
Washington University Law School, provided assistance in the research and drafting of this Opinion.

[1] On February 6, 2007, I consolidated *Ariail v. Xethanol Corp., et al.*, 06cv10234, with six related actions: *Spoto v.
Xethanol Corp., et al.*, 06cv11476; *Hamilton v. Xethanol Corp., et al.*, 06cv11477; *Difruscio v. D'Arnaud-Taylor, et
al.*, 06cv11516; *Jones v. Xethanol Corp., et al.*, 06cv13128; *Lindberg v. D'Arnaud-Taylor, et. al.*, 06cv14448;
*Lemoine v. Xethanol Corp., et. al.*, 06cv15176. On March 27, 2007, Plaintiffs amended their consolidated class
action complaint. I granted Defendants' Motion to Dismiss *In re Xethanol Corporation Derivative Lit.*, 06cv15536,
a related derivative action, on August 16, 2007.

Defendant Xethanol Corporation is a Delaware corporation with its principal place of business in New York, New York. Defendant Taylor was Chairman, Chief Executive Officer and President of the Company throughout the Class Period. Defendant Langberg was, during the Class Period, a member of the Board of Directors. Defendant Bellone was Chief Financial Officer during the Class Period, a position that he has held since April 5, 2005.

Xethanol was incorporated in Delaware on January 24, 2000 to capitalize on the growing market for ethanol, a clean burning and renewable fuel that is a primary gasoline additive. While ethanol is traditionally produced from corn, Xethanol's business strategy is to produce ethanol from biomass (generally post-industrial food or paper production waste). Investors focused on this distinction because biomass, unlike corn, has zero or negative cost. According to Plaintiffs, Defendants stated that the Company would follow a three-stage business model during the purported class period, January 31st through August 8th of 2006: (1) self-sustain on revenues produced from traditional corn ethanol production, (2) raise money from public and private investors, and (3) commercialize biomass ethanol production.

Plaintiffs allege violations pursuant to Sections 10(b) of the Exchange Act and Rule 10b-5. Specifically, the Amended Complaint states that during the Class Period, Defendants knowingly or recklessly pursued and brought to fruition "a plan, scheme, and course of conduct which was intended to and, . . .did: (i) artificially inflate the price of Company shares; (ii) enable defendants to register for sale with the SEC millions of shares of Company stock held by insiders and/or defendants and also allow defendants to raise over $45 million through the private sale of equity, each while in possession of material adverse non-public information about Xethanol; (iii) enable certain insiders, including defendants Taylor and Langberg, to liquidate millions of dollars of their personally held Xethanol shares, also while in possession of material adverse non public information about the Company; and (iv) cause investors to purchase or acquire shares of Xethanol stock at artificially-inflated prices." Am. Compl. ¶ 179. Further, Plaintiffs allege that the Individual Defendants acted as controlling persons pursuant to Section 20(a) of the Exchange Act "[b]y virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public [and] had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Lead Plaintiffs contend are false and misleading." Id. ¶ 191.

## II.    STANDARD OF REVIEW

A court must accept all well pled factual allegations in the complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499 (2007) (citation omitted).  Until recently, courts frequently applied the standard set forth in *Conley v. Gibson* that dismissal is inappropriate "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).  However, it appears that this standard has been further nuanced and now, for a plaintiff to survive a motion to dismiss, he must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 127 S.Ct.1955, 1964-65 (2007); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (holding that although a universal standard of heightened fact pleading is not required, courts should employ a "flexible plausibility standard" which "obliges a pleader to amplify [his] claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible") (emphasis in original).

## III.    DISCUSSION

### A.   Violations of Section 10(b) of the Exchange Act and Rule 10b-5

To establish liability under Section 10(b) and Rule 10b-5, a plaintiff must plead with particularity that the defendant (1) made a false statement or omitted a material fact, (2) with scienter, and (3) that plaintiff's reliance on defendant's action caused plaintiff injury. *Rombach v. Chang*, 355 F.3d 164, 169 (2d Cir. 2004).  Further, to plead fraud with particularity as required by Rule 9(b), the complaint must either explain why the statements were fraudulent or plead facts amounting to strong circumstantial evidence of conscious misbehavior or recklessness. *See Novak v. Kasaks*, 216 F.3d 300, 306, 311 (2d Cir. 2000), *cert. denied*, 531 U.S. 1012 (2002); *Acito v. Imcera Group, Inc.*, 47 F.3d 47 (2d Cir. 1995).

Since the arguments advanced by the parties focus on the sufficiency of Plaintiffs' scienter allegations, I will direct my discussion accordingly.[2]  See Defendants' Motion to

---

[2] Defendants also argue that Plaintiffs have failed to show that the alleged misrepresentations or omissions caused economic harm (loss causation) and that the alleged violations caused Plaintiffs to engage in the alleged transactions (transaction causation).  According to Plaintiffs, the Amended Complaint provides the alleged factual revelations which affected the stock price and consequently, their economic losses: (1) Defendant Taylor misrepresented his prior work and management experience at major U.S. corporations, the publication of which prompted his resignation, (2) Xethanol's Hopkinton Iowa plant was not operational or undergoing renovations as had been previously represented, and (3) Defendants failed to disclose several material related party transactions. Pls'

Dismiss the Amended and Consolidated Class Action Complaint ("Defs' Mem."), at 16.

To establish scienter, plaintiffs must plead with particularity facts giving rise to a "strong inference" that the defendant acted with the "intent[] to deceive, manipulate, or defraud." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, *187 (U.S. 2007) (internal citations omitted). In *Tellabs*, the Supreme Court further clarified "scienter" within the meaning of the PSLRA: "[t]o qualify as 'strong,' . . . an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudluent intent." *Id.* at *193. To determine whether a complaint meets this threshold, a court must, accepting all factual allegations in the complaint as true, weigh the complaint in its entirety against "plausible nonculpable explanations for the defendant's conduct." *Id.*

Plaintiffs have pled facts which give rise to a "strong" inference of scienter. Indeed, the facts alleged support an inference that is cogent and compelling in light of other explanations. Defendants' arguments that "Plaintiffs have not identified any reports or statements in which Defendants were made aware that the statements at issue were false" (Defs' Mem. at 20) and that "Plaintiffs base their scienter argument on conclusory statements" (Id. at 21) are unavailing. First, Plaintiffs point to letters and statements by two former Board members, Bernstein and Oppenheimer, in addition to statements made by anonymous former employees and a third-party witness to show that Defendants were told, knew or should have known that their statements about the financial health and development of ethanol technology were false when made. See, e.g., Am. Compl. ¶ 29 (former employee who reported directly to Taylor provided information that ¶ 34 (referring to information from Former Employee #1,[3] who worked in research and development, that he was "placed in 'a bad ethical situation' by the Company and 'told

---

Opposition to Defs' Motion to Dismiss, at 21-22. Since loss causation is a fact-based inquiry generally, and particularly here where the alleged loss was caused by the general fall in the price of Xethanol's stock, it is not an appropriate issue to be decided on a motion to dismiss. *See, e.g., Montoya v. Momma.com Inc.*, No. 05-Civ.-2313 (HB), 2006 U.S. Dist. LEXIS 13207, *22-28 (S.D.N.Y. Mar. 28, 2006).

[3] While anonymous sources do not have to be identified, they do need to be sufficiently described to enable a court to infer that pursuit of this action beyond the motion to dismiss will likely produce witnesses in possession of information and documents to substantiate the statements. Plaintiffs state that anonymous employee #1 was a vice president of business development at Xethanol, anonymous employee #2 reported directly to Taylor, anonymous employee #3 was a human resources manager at Xethanol for three months immediately after the Class Period, and anonymous third party witness #1 was a former employee of Global Energy and Management, one of the companies with whom Xethanol entered into a joint venture. These descriptions are sufficient to allow the Court to infer that the witnesses are likely to possess the information contained in their statements. Unlike the Plaintiffs in *In re BISYS Sec. Lit.*, 397 F. Supp. 2d 430 (S.D.N.Y. 2005) and *In re Alstom SA*, 406 F. Supp. 2d 433, 471-72 (S.D.N.Y. 2005), the Plaintiffs here have plead the positions of the informants. It is reasonable to infer that with further discovery the vice president of business development or an employee reporting directly to Taylor could possess information to substantiate Plaintiffs' allegations.

[management that he] would not lie' about the extent of the progress that Xethanol had made towards making ethanol from any product other than corn."); ¶ 49 (referring to quote of former Board member Oppenheimer about Xethanol's public representations of its business plan: "[t]here's one tried and true way to make ethanol. You make it out of corn. Promising to make it out of waste? Well, you shouldn't promise what you can't deliver."); Ex. A to Declaration of Kim E. Miller in Support of Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss (Nov. 9, 2006 Letter from Former Board Member, Louis Bernstein) (tendering his resignation) ("Consistent with my presentation during the special meeting of the Board of Directors held on Friday, November 3, 2006. . .my resignation is the result of my recent discovery of what I perceive to have been the lack of full disclosure both to certain members of the previous board, including myself, with respect to a certain transaction involving the Company, and to certain members of the current board, including myself, with respect to certain current relationships with the Company, and my disagreement with new management over its proposed business strategy for the Company."). Further, while there may be competing inferences for each of the statements above—for example, Defendants contend that statements by former directors are not evidence of fraud but rather "whining" and "sour grapes" because they were "displaced" and "lost their jobs." (Tr. (July 2, 2007), at 28:11-18)—taken as a whole as *Tellabs* and *Bell Atlantic* instruct, it is more plausible that these statements are sufficient to raise a right to relief "above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1964-65. Defendants offer no alternate, more compelling inference to warrant dismissal.[4] In sum, the Amended Complaint, which complies with the pleading requirements established by the PSLRA, states a claim under Section 10(b) and Rule 10b-5.

### B. Violation of Section 20(a) of the Exchange Act against Individual Defendants

Because the only ground argued for dismissing the Plaintiffs' claim under Section 20(a) was the absence of a predicate violation of Section 10(b), the motion to dismiss that claim is also denied.

---

[4] Defendants, albeit in a conclusory fashion, contend that their statements are protected by the PSLRA's safe harbor provisions as forward looking statements. However, "[t]he touchstone of the inquiry is not whether isolated statements within a document were true, but whether defendant's representations or omissions, considered together and in context, would affect the total mix of information and thereby mislead a reasonable investor . . ." *In re Vecco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220, 235 (S.D.N.Y. 2006) (citation omitted). The mix of allegations pled by Plaintiffs in the Amended Complaint denies Defendants the benefit of safe harbor here.

## IV.    CONCLUSION

For the reasons above, Defendants' Motion to Dismiss is DENIED. This case will proceed in accordance with the February 6, 2007 Pretrial Scheduling Order.

The Clerk of the Court is instructed to close this matter and remove this motion from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**September ____, 2007**

U.S.D.J.