USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
GLOBAL ENERGY AND MANAGEMENT, LLC,  :

                       Plaintiff,  :

        -against-  :    No. 07-CV-11049 (NRB)

GLOBAL ENERGY HOLDINGS GROUP, INC.,  :
CHRISTOPHER D'ARNAUD-TAYLOR, JEFFERY
LANGBERG, LAWRENCE S. BELLONE, and  :
ROBIN BULLER,
                                     :
                   Defendants.
-------------------------------------x

## CONFIDENTIALITY STIPULATION

THIS CONFIDENTIALITY STIPULATION (the "Confidentiality Stipulation"), is hereby stipulated and agreed to by and among counsel for Plaintiff Global Energy and Management, LLC and Defendants Global Energy Holdings Group, Inc., Christopher D'Arnaud-Taylor, Jeffery Langberg, Lawrence S. Bellone and Robin Buller to preserve the confidentiality of certain documents and information to be produced or otherwise disclosed in connection with the above-captioned litigation on the following terms and conditions:

       1.    This Confidentiality Stipulation applies to confidential documents, the contents thereof, and any other information produced or disclosed by the parties to one another during this litigation including documents and information disclosed by testimony at any deposition, trial, pre-trial hearing or motion in this litigation, as well as responses made to the parties' respective discovery requests. This Confidentiality

Stipulation shall also apply to any documents or information produced by the parties during the course of this litigation.

2. The parties shall use confidential information and documents obtained from each other pursuant to this Confidentiality Stipulation solely for the purpose of prosecuting and/or defending against claims made in this litigation.

3. Information and documents produced or disclosed by any party in this litigation may be designated as "CONFIDENTIAL" and thereby become subject to the provisions of this Confidentiality Stipulation if such documents and information constitute (a) trade secrets; (b) confidential commercial or proprietary information of a sensitive nature, the disclosure of which threatens or would likely cause injury to the business or commercial relationships of the producing or disclosing party; or (c) confidential documents and information protectable under Rule 26(c) of the Federal Rules of Civil Procedure.

4. Designation of documents or information as "CONFIDENTIAL" shall be made, in the case of written or other graphic materials and tangible things, by stamping or labeling them "CONFIDENTIAL" on the face of the materials prior to either: (a) the production of such documents; or (b) the use or submission of such materials by the disclosing party in this litigation. In the case of testimony or oral disclosures, such designation shall be made either at the time of such oral disclosures on the record or with fifteen (15) days following receipt of the transcript of testimony or oral disclosures by notifying opposing counsel and the court reporter in writing. Those portions of a deposition, trial, pre-trial hearing or motion in this litigation that are so designated as

confidential shall be transcribed apart from the regular transcript and said confidential portion of the transcript shall be marked "CONFIDENTIAL." If a designating party inadvertently omits to mark a document or information as "CONFIDENTIAL," that party shall notify the other parties that such documents or information should be treated as though it were properly marked in accordance with this Confidentiality Stipulation, and the parties in possession of such documents and information shall treat them accordingly. No party shall be liable for any disclosure of a document or information not marked as confidential before receiving such notice.

5. Subject to the use restrictions and notification requirements set forth herein, documents and information produced or disclosed by a party pursuant to this Confidentiality Stipulation and which are designated as "CONFIDENTIAL" may be disclosed only to the following persons, and in the manner described below:

a. The parties to this litigation;

b. Counsel of record in this litigation and their partners, counsel, associates and support staff, including but not limited to stenographic, paralegal and clerical employees to whom disclosure is deemed necessary by said counsel of record;

c. Any non-party expert who is consulted or retained by a party or its counsel in order to assist in the conduct of this proceeding, including without limitation accountants, economists and photocopying services, but only to the extent that, and for the time during which, such disclosure is necessary for the performance of such assistance; provided, however, such experts agree to abide by this Confidentiality

3

Stipulation by signing a copy of the Certification attached as Exhibit A; and provided counsel disclosing confidential information maintains a list of the name, title and business address of each of such non-party expert to whom the information is disclosed as well as the Certifications they execute, and a copy of such list and Certifications are promptly made available to the producing party;

    d. Any potential witnesses and such witnesses' counsel (provided such persons agree to abide by the terms and conditions of this Confidentiality Stipulation by signing a copy of the Certification attached as Exhibit A, a copy of which shall be made available promptly to the producing party);

    e. Any person, if the document to be disclosed to that person indicates on its face that it was either prepared or received by such person; and

    f. Employees of the parties, but only to the extent that, and for the time during which, such disclosure is necessary for said employees to assist counsel in the conduct of this proceeding (provided such employees agree to abide by the terms and conditions of this Confidentiality Stipulation and sign a copy of the Certification attached as Exhibit A, a copy of which shall be made available promptly to the producing party).

    6. No person to whom disclosure of confidential documents and/or information is permitted by this Confidentiality Stipulation may disclose all or any part of such documents and information, or the contents thereof, to any person not also authorized to receive such material pursuant to this Confidentiality Stipulation.

7. Prior to the disclosure of documents and/or information designated as "CONFIDENTIAL" to any person identified in paragraphs 5(c), (d) and (f) hereof, such person shall be furnished a copy of this Confidentiality Stipulation, shall be informed that the material is "CONFIDENTIAL," and shall agree to comply with the provisions of this Confidentiality Stipulation by signing a copy of the certificate attached as Exhibit A, which copy shall be made available to the producing party on request. No person shall copy or make extracts of documents containing "CONFIDENTIAL" documents or information except under the direction of counsel when, in the judgment of counsel, such copies or extracts are necessary for the conduct of this litigation.

8. No later than thirty (30) days after the termination of this litigation, or at such earlier time(s) as the parties otherwise agree, all "CONFIDENTIAL" documents and information (and all copies and extracts thereof) shall be returned to counsel for the producing or disclosing party, or be destroyed. Counsel for each party shall certify or declare under penalty of perjury that they have complied with the terms of this paragraph. Such certification or declaration shall be submitted in writing within thirty (30) days after the termination of this litigation to all other counsel in this litigation.

9. All persons to whom documents and information designated as "CONFIDENTIAL" are disclosed shall be bound by the terms of this Confidentiality Stipulation provided, however, that no provision of this Confidentiality Stipulation shall be construed so as to restrict the disclosure or use by the producing party of any documents or information produced or provided by it. Nothing contained in this

5

Confidentiality Stipulation shall restrict any party's use of a document or information obtained by it other than through formal discovery in this litigation.

10. Any agreement or stipulation signed by counsel for each of the parties subsequent to the date of this Confidentiality Stipulation which specifically modifies the terms hereof shall be deemed to constitute a part of this Confidentiality Stipulation from the date of executing such stipulation or agreement.

11. Counsel for the parties hereto may, by consent in writing, extend this Confidentiality Stipulation and the protections herein to any non-party producing discovery in this litigation.

12. Any party may, at any time, seek a modification of this Confidentiality Stipulation from the Court, and the execution of this Confidentiality Stipulation shall not be deemed a waiver of the right of any party to seek such modification as the circumstances may warrant.

13. By agreeing to this Confidentiality Stipulation, or requesting the protections of this Confidentiality Stipulation, no party shall waive its right to object to producing any document or other discovery materials.

14. This Confidentiality Stipulation shall remain in effect until such time as it is modified, superseded, or terminated by stipulation of the parties.

15. Nothing in this Confidentiality Stipulation shall prevent the use of documents or information designated as "CONFIDENTIAL" at a deposition, the trial, any pre-trial hearing or motion in this litigation.

6

16. In the event that a person subject to this Confidentiality Stipulation receives any subpoena or other process relating to confidential documents or information received pursuant to this Confidentiality Stipulation, such person shall give counsel for the party who produced such documents or information reasonable notice before furnishing or permitting inspection of such documents or information to persons not subject to this Confidentiality Stipulation. Notice ten (10) days in advance of the return or response date for any such subpoena or process shall be deemed reasonable notice, where circumstances make such notice possible.

17. All disputes concerning the designation of documents or other information as protected pursuant to this Confidentiality Stipulation may be brought before the Court (a) upon proper notice, and (b) after a good faith effort to resolve such disputes has been made. Any party to this litigation may, on notice, move the Court for relief from, or modification of, any of the provisions of this Confidentiality Stipulation.

18. Nothing in this Confidentiality Stipulation shall preclude a party from seeking such additional protection as that party may deem appropriate. The failure of a party to exercise any right under this Confidentiality Stipulation shall not be deemed a waiver of any right under this Confidentiality Stipulation and shall not be deemed a waiver of any right to the future exercise of the provisions herein with respect to other documents or information.

19. This Confidentiality Stipulation shall be binding on all parties and their partners, officers, directors, employees and other agents to whom confidential

7

documents or information are produced or disclosed pursuant to this Confidentiality Stipulation.

Dated: September 29, 2009

| VORT & MORGAN, LLC | PADUANO & WEINTRAUB LLP |
|---|---|
| By: /s/ Robert A. Vort | By: /s/ Katherine B. Harrison |
| Robert A. Vort (RV 1105) | Anthony Paduano (AP 8400) |
| | Katherine B. Harrison (KH 9745) |
| 2 University Plaza, Suite 101 | Kathryn L. Bedke (KB 7855) |
| Hackensack, New Jersey 07601 | |
| 201-342-9501 | 1251 Avenue of the Americas |
| | Ninth Floor |
| | New York, New York 10020 |
| Attorneys for Plaintiff | 212-785-9100 |
| | |
| | Attorneys for Defendants |

SO ORDERED:

/s/
United States District Judge
10/5/09

8

## Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GLOBAL ENERGY AND MANAGEMENT, LLC,          :

                     Plaintiff,          :

            -against-          :          No. 07-CV-11049 (NRB)

GLOBAL ENERGY HOLDINGS GROUP, INC.,          :
CHRISTOPHER D'ARNAUD-TAYLOR, JEFFERY
LANGBERG, LAWRENCE S. BELLONE, and          :
ROBIN BULLER,

                               :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATION

        I, _____, have read and understood the Confidentiality Stipulation entered in the above-captioned litigation and hereby agree to be bound by its terms and provisions. I understand and agree that confidential documents and/or information are being provided to me, and that by obtaining such documents and/or information and by agreeing to be bound by the terms and provisions of the confidentiality Stipulation, I am subject to penalty for any violation of the terms of the Confidentiality Stipulation.

Dated: _____

_____

9