# VORT & MORGEN, LLC

### www.vortlaw.com

**Robert A. Vort**
Certified Civil Trial Attorney

**Karin R. White Morgen**

2 University Plaza, Suite 101
**Hackensack, New Jersey 07601**
**Telephone: 201-342-9501**
**Facsimile:  201-342-9504**

---

January 15, 2010

Hon. Naomi R. Buchwald
United States District Court
     for the Southern District of New York
Room 2270
500 Pearl Street
New York, New York 10007-1312

Re: Global Energy & Management, LLC
v. Xethanol Corp. et al
07 Civ. 11049 NRB

Dear Judge Buchwald:

This letter replies to the January 7, 2010 memorandum submitted by counsel for

defendants.     Plaintiff contends that the automatic stay provision of 11 U.S.C. §362(a) stays

civil proceedings against co-defendants if and only if the continued prosecution of the action

against them will interfere with the ability of the Bankruptcy Court to rehabilitate the debtor.

The starting point is the language of the statute itself:

> Except as provided in subsection (b) of this section, a petition filed under
> section 301, 302, or 303 of this title, or an application filed under section
> 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a
> stay, applicable to all entities, of--
>
> (1) the commencement or continuation, including the issuance or
> employment of process, of a judicial, administrative, or other action or
> proceeding <u>against the debtor</u> that was or could have been commenced
> before the commencement of the case under this title, or to recover a claim
> against the debtor that arose before the commencement of the case under
> this title; (emphasis added)

The Second Circuit has considered this issue.  In <u>Teachers Insurance and Annuity Association of America v. Butler</u>, 803 F.2d 61 (2d Cir. 1986), the Court considered a similar application in the context of a motion to stay an appeal of a judgment against a limited partnership and the general partners of the limited partnership.  After this Court had entered judgment, the limited partnership sought Chapter 11 relief in the Eastern District of California.  In that Court they secured a temporary restraining order preventing the plaintiff-judgment creditor from enforcing its judgment against the partnership and against the general partners who had not filed petitions for relief in bankruptcy.  The defendants also appealed the judgment of this Court to the Bankruptcy Appellate Panel of the Ninth Circuit, to the Ninth Circuit and to the Second Circuit.  The plaintiff moved in this Court to enjoin the partners from appealing the judgment of the Southern District to any Court other than the Second Circuit and for sanctions.  Judge Weinfeld granted the plaintiff's motion and, once again, the defendants appealed.

The defendants moved to stay the appeals from the judgments of this Court.  The Second Circuit granted the motion as to the limited partnership and denied it as to the general partners.  In relevant part, the Court stated:

> The remaining issue is to determine whether the stay of the appeal should encompass not only the debtor partnership, but also the individual general partner defendants who have not declared bankruptcy.  It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants. (Citations). . . . But cf. A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999-1001 (4th Cir.1986) (automatic stay may be extended to non-bankrupt co-defendant in unusual circumstances).  Chapter 11, unlike Chapter 13, contains no provision to protect non-debtors who are jointly liable on a debt with the debtor.  See Royal Truck & Trailer v. Armadora Maritima Salvadorena, 10 B.R. 488, 491 (Bankr.N.D.Ill.1981) (contrasting the congressional purposes behind Chapter 13 and Chapter 11).

Our examination therefore is limited to the question of whether pursuant to its general equity powers under 11 U.S.C. § 105, the bankruptcy court properly extended the automatic stay to the non-bankrupt general partners. Several courts have held that under specific circumstances non-debtors may be protected by the automatic stay-even though such protection may be temporary-if it contributes to the debtor's efforts to achieve rehabilitation.  See, e.g., In re Johns-Manville Corp., 33 B.R. 254, 263-64 (Bankr.S.D.N.Y.1983); In re Old Orchard Investment Co., 31 B.R. 599, 603 (Bankr.W.D.Mich.1983); In re Otero Mills, Inc., 25 B.R. 1018, 1020-21 (Bankr.D.N.M.1982).  And, of course, the district courts often utilize their discretionary power to stay proceeding in the interest of justice and in control of their dockets.  See, e.g., Wedgeworth, 706 F.2d at 544-45; American Motorists Insurance Co. v. Philip Carey Corp., 482 F.Supp. 711, 716 (S.D.N.Y.1980).

While we decline to define under what circumstances, if any, a bankruptcy court may properly exercise § 105 jurisdiction to issue a stay with respect to non-bankrupt co-defendants, it is clear that any such jurisdiction cannot extend to efforts made in bad faith by non-bankrupt co-defendants in order to escape from the liability imposed by an adverse district court judgment. And here the circumstances plainly attest to the defendants' bad faith.  As the district court correctly noted, "[t]he record makes abundantly clear that the defendants are engaging in frivolous and vexatious litigation, simultaneously filing pleadings and papers in numerous courts with the sole purpose to delay and frustrate the ability of Teachers to execute judgment with respect to the non-debtor individual defendants...."

Moreover, the idea for extending the stay to the non-bankrupt defendants clearly did not originate with the trustee in bankruptcy, as is evident from the brief time sequence from the trustee's appointment to the time of his petition to extend the stay. Marathon Pipe Line instructs us that bankruptcy courts cannot entertain and decide traditional common law actions. See Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 90-91, 102 S.Ct. 2858, 2881, 73 L.Ed.2d 598 (1982) (Rehnquist, J., concurring).  It is no large step from that core holding to the proposition that bankruptcy courts cannot interfere in common law actions involving non-bankrupt co-defendants when those defendants are engaged in a bad faith effort to nullify the outcome of those actions.  Consequently, insofar as the non-bankrupt general partners are concerned, the motion to stay the appeals from the January 28, 1986 judgment for $3,005,390 and the March 27, 1986 injunction and sanctions order must be denied. 803 F.2d at 65-66

There is no evidence that Global Energy Holding Group, Inc. - the present name of the

Hon. Naomi R. Buchwald                    4                    January 15, 2010

former Xethanol Corp. - petitioned for Chapter 11 relief in bad faith.  Neither is there any request

by the bankruptcy trustee to stay this proceeding against the individual defendants.

    The Court of Appeals revisited the issue in <u>Queenie, Ltd. v. Nygard International</u>, 321

F.3d 282 (2d Cir. 2003).  That was a claim for copyright infringement with a counterclaim for

tortious interference with prospective economic advantage.  This Court entered judgment for the

defendant, including an award of punitive damages.  The president and sole shareholder of each

of the two plaintiffs appealed the award of punitive damages.  One of the corporate officers filed

a petition for bankruptcy.  The Court of Appeals held that the automatic stay applied to that

corporation and to its president and sole shareholder but not to the other corporate plaintiff or to

its president and sole shareholder.  The Court stayed the action as to the bankrupt plaintiff-officer

because he was within the express language of §362(a); it stayed the action against his company

because adjudication of the claim against his company would affect the debtor under the

protection of the bankruptcy court.  In relevant part, the Court wrote:

> We conclude that the automatic stay, which unquestionably applies to
> Gardner, see Koolik v. Markowitz, 40 F.3d 567, 568-69 (2d Cir.1994)
> (stay of appeal by debtor of judgment entered against it on counterclaim),
> applies to his wholly owned corporation, Queenie, but not to the Heavenly
> Appellants. "[A] suit against a codefendant is not automatically stayed by
> the debtor's bankruptcy filing." 3 Collier on Bankruptcy § 362.03[3][d]
> (15th ed.2002); see Croyden Associates v. Alleco, Inc., 969 F.2d 675, 677
> (8th Cir.1992); Teachers Insurance and Annuity Ass'n v. Butler, 803 F.2d
> 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a)
> are limited to debtors and do not encompass non-bankrupt co-
> defendants."); Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th
> Cir.1983); cf. 11 U.S.C. § 1301(a) (stay in Chapter 13 proceeding
> applicable against "any individual that is liable on [a] debt with the
> debtor"). <u>The automatic stay can apply to non-debtors, but normally does
> so only when a claim against the non-debtor will have an immediate
> adverse economic consequence for the debtor's estate.</u> Examples are a
> claim to establish an obligation of which the debtor is a guarantor,
> McCartney v. Integra National Bank North, 106 F.3d 506, 510-11 (3d

Cir.1997), a claim against the debtor's insurer, Johns-Manville Corp. v. Asbestos Litigation Group (In re Johns-Manville Corp.), 26 B.R. 420, 435-36 (Bankr.S.D.N.Y.1983) (on rehearing), and actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant ...," A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986).

Under these principles, the stay applies to Queenie because it is wholly owned by Gardner, and adjudication of a claim against the corporation will have an immediate adverse economic impact on Gardner. Gardner contends that the stay should also apply to the Heavenly Appellants because "[i]f this Court decides the pending appeal of the non-debtor co-judgment debtors, it is effectively deciding Mr. Gardner's stayed appeal." In essence, Gardner seeks to apply the stay to the Heavenly Appellants to avoid the later use against himself and his corporation of offensive collateral estoppel arising from a ruling on this appeal adverse to these Appellants or at least to guard against the precedential effect of such a ruling.

We have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision. If such apprehension could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants. 321 F.3d at 287-88 (emphasis added)

There is no evidence that a claim against the individual defendants will adversely affect the Chapter 11 debtor. The individual defendants are within the scope of an insurance policy in which the named insureds are officers and directors, not the company they served. We question if any of the individual defendants remains an officer of the debtor. The petition for Chapter 11 relief was signed by Jimmy L. Bobo as chief executive officer of Global Energy Holdings Group, Inc. (Petition, pages 3 and 5). One defendant, Lawrence S. Bellone is listed in the petition as holding a large number of shares but not the largest bloc.

Assuming, _arguendo_, that the debtor corporation has agreed to indemnify its officers and directors from any claims against them, that would simply allow the defendants to file proofs of claim to the extent of any judgment or settlement against them. That situation simply changes

the identity of the creditor with a proof of claim from the plaintiff in this action to the affected

officers and defendants.  It does not interfere with the Bankruptcy Court's ability to rehabilitate

the debtor.

Cf., Maritime Electric Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir.

1992)("[T]he automatic stay is not available to non-bankrupt co-defendants of a debtor even if

they are in a similar legal or factual nexus with the debtor")

In Gucci, America, Inc. v. Duty Free Apparel, Ltd., 328 F.Supp.2d 439 (S.D.N.Y. 2004),

a plaintiff successfully sued a retailer and its owner for trademark infringement.  After entry of

judgment, the plaintiff moved to modify the injunction issued by this Court.  The owner opposed

the motion on the ground that his company's Chapter 11 petition precluded Gucci from seeking

any relief against him while the bankruptcy proceeding was pending.  Citing Teachers Insurance

and Annuity Association of America v. Butler, supra and several other cases from this Court,

Judge Marrero noted that "courts in this Circuit have regularly refused to extend a debtor

corporation's §362(a) stay to its non-debtor officers and principals, 328 F.Supp.2d at 441.  He

noted that such extensions are reserved to "special circumstances," "typically. . .those lawsuits

which threaten serious risk to a reorganization in the form of immediate adverse economic

consequences for the debtor's estate." 328 F.Supp.2d at 442.

These individual defendants have not petitioned for relief in bankruptcy.  There is no

evidence that the prosecution of this action will have any effect on the bankruptcy proceeding.

These defendants are within the scope of an insurance policy issued to officers and directors, not

to the company they served.  There is no claim that payment of a claim by the D & O insurer will

affect the bankruptcy proceeding.  It does not appear that these defendants are even officers or

Hon. Naomi R. Buchwald                     7                         January 15, 2010

directors of the debtor corporation; to the extent this action requires their time and effort, it will

not affect operations of the debtor.

In accord, Keene Corporation v. Acstar Insurance Co., 162 B.R. 935 (Bcy. S.D.N.Y.

1994), Aetna Casualty and Surety Co. v. Namrod Development Corp., 140 B.R. 56 (S.D.N.Y.

1992).

For the preceding reasons, the Court should not stay proceedings against defendants

D'Arnaud-Taylor, Bellone, Langberg or Buller,

                                              Respectfully submitted,

                                              Robert A. Vort

RAV:bap
cc:     Paduano & Weintraub, LLC
        Christopher M. Gosselin, Esq.
        Mr. Lee R. Tyrol
        Mr. Daniel Millstein
        07-160